(127 So. 165)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. THOMAS.

### 6 Div. 432.

Supreme Court of Alabama.

Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Bradley, Baldwin, All & White, W. M. Neal, and L. B. Bewley, all of Birmingham, for appellant.

[1] Ante, p. 683.

J. D. Hollis, of Birmingham, for appellee.

**FOSTER, J.**

Petitioner seeks to review the judgment and findings of the circuit court holding it liable under the Workmen's Compensation Law (Code 1923, § 7534 et seq.).

The employee was a miner in petitioner's mine, being paid by the ton and "yardage." He furnished his own explosives, which he could and usually did purchase from petitioner, but could buy them elsewhere as he saw fit. For his convenience and profit he purchased them in large quantities, and kept them at his home situated about half mile from the entrance to the slope leading to his place of work. He rented the house from petitioner, though he could have rented or lived elsewhere as he might choose.

On the night before his injury, his shot in the mine failed to explode. As he was about to leave home and while on his porch, having taken up such explosives and other needs for the day as he wished, a companion suggested that they test some dynamite caps which they intended to use. In making this test, he was injured. The circuit court found that it was part of his duty to test these explosives, and that in doing so, the injury arose out of and in the course of his employment.

The ultimate conclusion on this appeal is dependent upon the statement that such test was a part of the duties of his employment. While the finding is that it was a part of his duty to test these explosives, it does not state that such was a duty of *his employment*, though we assume that such was the meaning of the finding. There is no evidence in the record that such was a part of the duties of the employment. That statement therefore was a legal conclusion of the court from the facts otherwise found. While this court will only look to the record "to see if there is any evidence or reasonable inferences from evidence to support the facts found by the court" (Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Benoit Coal M. Co. v. Moore, 215 Ala. 221, 109 So. 878; Dean v. Stockham Pipe & Fittings Co. (Ala. Sup.) 123 So. 225),[1] this does not mean that this court will not review the legal conclusions of the circuit court drawn from the facts and inferences of fact, as other such conclusions are usually reviewed. Ex parte Big Four C. M. Co., 213 Ala. 305, 104 So. 764; Dean v. Stockham Pipe & Fittings Co., supra.

[1] Ante, p. 25.

The right to recover in this case seems to depend upon whether such conclusion of the court is a proper legal result of the facts which we have briefly summarized. Our conclusion therefore depends upon a proper application of section 7596 (j) Code, defining the circumstances in general terms when an accident arises out of and in the course of one's employment. Section 7596 (j) excludes from compensation all injuries except while employees are "engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen." This clause has received much consideration, and as to it, we may conclude that many questions have been definitely settled. It has been held that when the employee is being transported by the employer to and from the place where the service is rendered as a part of the contract of employment, the employee while being so transported is engaged in the service of the employer at or about its premises, and during the hours of service. Jett v. Turner, 215 Ala. 352, 110 So. 702.

An accident is compensable if the employee was "either doing the work or performing the service he was engaged to do or perform or was engaged in an act or service naturally related thereto." This includes "the movement of the employee in entering at the appropriate time, the employer's premises to discharge his function; his preparation to begin and to terminate his actual service; and to leave the premises at an appropriate time after the completion of his actual service." Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289, 292. This principle has been often quoted in our cases. Jett v. Turner, 215 Ala. 352, 110 So. 702; Benoit Coal M. Co. v. Moore, 215 Ala. 220, 109 So. 878.

The term here used, the "premises" of the employer, has reference to the premises at or near which the service is to be rendered. Ex parte L. & N. R. Co., supra; Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360, 118 A. 255; 1 Honnold on Workmen's Compensation, § 109, pp. 368, 370, § 111, p. 386. An accident to a workman on the way to work is not ordinarily in the course of employment, 1 Honnold on Workmen's Compensation, § 107, p. 358, as when transported at his own expense, Ex parte Am. Fuel Co., 210 Ala. 229, 97 So. 711; Erickson v. St. Paul City R. Co., 141 Minn. 166, 169 N. W. 532.

But "a reasonable margin is to be allowed him to get on the premises and to get to the place where he is to do his work, and if during that time he is doing something for the benefit of the employer as well as himself such as getting necessary refreshment, he is engaged in his employment. * * * The preparation necessary for beginning the work after the employer's premises are reached is a part of the employment. * * * A person returning to his place of work from lunch enters upon the course of his employment only when he reaches the place where his first duties are to be performed. * * * But it does not cover him on his way to his employer's premises in the morning in the absence of tasks to be performed by him before reaching such premises." 1 Honnold, supra, pp. 359 to 363; Indian Creek Coal & M. Co. Case, 74 Ind. App. 141, 127 N. E. 202, 128 N. E. 765; Ex parte L. & N. R. Co., supra; Benoit Coal Min. Co. v. Moore, supra; Brink v. J. W. Wells Lbr. Co., 229 Mich. 35, 201 N. W. 222; Hills v. Blair, 182 Mich. 20, 148 N. W. 243.

In the case of Murphy v. Ludlum Steel Co., 182 App. Div. 139, 169 N. Y. S. 781, 782, affirmed without opinion by the Court of Appeals, 227 N. Y. 634, 126 N. E. 915, the court was considering the question of whether a house constituted "premises" of the employer in this connection when situated upon a large tract of the employer whereon were located the mills, offices, and tenement houses, one of which, occupied by an employee, was more than eight hundred feet from the plant. It was said: "Evidently the premises meant are not any lands which the employer owns, but rather the immediate premises or grounds upon which the plant is located."

This court has held that he is not so employed, when he is making a tool box to keep his tools and clothing used in his employment, though in doing so he is upon the premises and using the appliances of the employer. Vickers v. Ala. Power Co., 218 Ala. 107, 117 So. 650. Nor, when employed to haul timber to the mines, wherein he furnished his own teams and after the day's work was done, he was injured while feeding his mules at his home, though his contract was apparently such as made him an employee under the Workmen's Compensation Act, and the sole inquiry considered by the court was whether the injury arose out of and in the course of his employment. Prayther v. Deepwater C. & I. Co., 216 Ala. 579, 114 So. 194.

In the case of Punches v. Am. Box Board Co., 216 Mich. 342, 185 N. W. 758, compensation was allowed because the employee was attending the team at his home under an express arrangement to that effect as a part of the duties of his employment.

The case of State ex rel. Jacobson v. Dist. Court, 144 Minn. 259, 175 N. W. 110, cited by this court in the Prayther Case, supra, seems in principle quite similar to the instant case. There the employee went to his stable after supper to doctor one of his horses that had a sore neck, and in doing so he was killed. It was said that the "accident did not arise out of his employment any more than would an accident which came while he was repairing his wagon or *while doing other work in preparation for his next day's work*." So in Morey v. Battle Creek, 229 Mich. 650, 202

N. W. 925, 38 A. L. R. 1039, the employee was driving his team home from his work, the horses ran away, and he was thrown out and killed. The team was used in performance of the service of his employment. It was held not compensable because it did not arise out of and in the course of his employment.

It was perhaps as much to the interest of both the employer and the employee that the latter should doctor the sore shoulder of the horse that he might work for them, as that the dynamite caps be tested to see if they would perform their function. The horse's neck and the dynamite caps both may have given the employee evidence of needing attention. They were equally equipment or appliances over which the employer had no control, did not furnish, inspect, or transport to the place where they were to be used; but were furnished, controlled, manipulated, used, inspected, and treated only by the employee. It was not a preparation necessary for beginning work after the employer's "premises" are reached. He was not upon a place of the employer where or near which the first duties of his employment began. He was looking out for his own interests. The interests of the employer were only incidental, the same as if he were fixing his knapsack, mining clothes, lamp, cap, or any other equipment needed in his work and which he could repair at home. This was all done by him at his home before leaving, and as a part of this preparation to leave. He had not left his house, but was on the porch all ready to go when the suggestion was made by a companion that the test be made. These appliances were all carried together and constituted his outfit, and all supplied by him at his own expense.

We have reached the conclusion that we cannot agree with the finding of the circuit court that the accident to the employee in this case arose out of and in the course of his employment. The judgment of that court is therefore reversed and one here rendered for the petitioner. Section 8599, Code; Dean v. Stockham Pipe & Fittings Co., supra.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.