168 So. 442

## OVERTON v. BELCHER.

### 6 Div. 873.

Supreme Court of Alabama.

May 21, 1936.

John C. Arnold, of Birmingham, for appellant.

D. S. Satterwhite, of Birmingham, for appellee.

BROWN, Justice.

The finding of facts by the trial court, incorporated in the judgment as the statute requires, is clearly to the effect that the relation between the workman and the defendant was that of master and servant; that the workman received the injury causing his death while on the master's premises, and while leaving the place of his employment at the end of his day's service, on one of defendant's trucks on which "all employees were permitted to ride to and from work."

The special facts incident to the workman's injury were that the truck on which the deceased workman started on his way from work bogged down and stalled; another truck of the defendant passed the stalled truck, and the deceased workman "attempted to board this truck, slipped and was thrown under the wheels, the truck passing over his body"; that the workman's death was not due to any misconduct on his part.

The conclusion of the trial court, "that the injuries causing his death did not arise out of and in the course of his employment," is inconsistent with the facts found by the court. Code 1923, § 7534; Jett et al. v. Turner, 215 Ala. 352, 110 So. 702; Benoit Coal Mining Co. et al. v. Moore et al., 215 Ala. 220, 109 So. 878; Ex parte Louisville & N. R. Co. (House v. Louisville & N. R. Co.), 208 Ala. 216, 94 So. 289.

A recognized exception to the general rule that the workman is not within the protection of the statute while going to work or returning to his home is where the injury occurs while the workman is on the premises of the master, and for "a reasonable time, space, and opportunity before and after while he is at or near his place of employment." Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813, 85 A.L.R. 85; Exchange Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743; Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271.

The judgment of the circuit court is reversed, and the cause is remanded, with directions to the circuit court to fix compensation and enter judgment for plaintiff.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.