83 So.2d 239

**W. Tom AMMONS**

v.

**Annie Margaret McCLENDON.**

**4 Div. 806.**

Supreme Court of Alabama.

Aug. 18, 1955.

Rehearing Denied Nov. 17, 1955.

Chas. O. Stokes, Ozark, for appellant.

Braxton B. Rowe, Enterprise, for appellee.

LAWSON, Justice.

This is a workman's compensation case.

Certiorari was granted on petition of W. Tom Ammons to review the judgment of the lower court awarding compensation to the widow of Codie Andrews McClendon, deceased.

If there is any reasonable view of the evidence that will support the conclusion reached by the trial court, its finding and judgment will not be disturbed here. Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666.

McClendon was killed on Tuesday afternoon, April 14, 1953, when a truck in which he was riding overturned. The truck belonged to the employer, Ammons, and at the time of the accident it was being used to transport McClendon and several of his fellow employees to their homes in Dale County from the sawmill where they worked for Ammons. The truck was driven by another employee. The sawmill was located in Barbour County at a point more than twelve miles from the community in which the employees lived. The accident occurred after working hours in Dale County approximately six miles from the sawmill. The hourly wages of the employees, including McClendon, started upon arrival at the mill and stopped in the afternoon when they left the mill.

It is urged here that there is a total absence of any legal evidence to support the finding of the trial court that McClendon's death was caused by an accident "arising out of and in the course of his employment." § 253, Title 26, Code 1940. Subdivision (j) of § 262, Title 26, Code 1940, as amended, provides:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen, and shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment, and it shall not include a disease unless the disease results proximately from the accident."

As before pointed out, McClendon was not at or near the place where he worked when he received the fatal injury, hence our holding in Overton v. Belcher, 232 Ala. 396, 168 So. 442, has no application.

As to whether or not McClendon was where his service required his presence as a part of such service at the time of the accident and during the hours of service as a workman, within the meaning of subsec. (j), supra, depends upon the effect to be accorded his transportation to and from work in the truck. If by contract, express or implied, the transportation constituted a part of the consideration paid or to be paid McClendon for his services, then, in that event, the mutual duties of employer and employee were being performed at the time McClendon was killed and the workmen's compensation laws would be applicable. If, on the other hand, the transportation did not constitute a part of his contract of employment, the workmen's compensation law has no application. Blair v. Greene, 247 Ala. 104, 22 So.2d 834.

We do not consider it important to a determination of the issues that the employees, and especially McClendon, were not being paid any wages for the time consumed while being transported to and from work. Although there is no evi-

dence to support a finding of an express contract whereby transportation to and from the job was to constitute a part of the consideration paid or to be paid Mc-Clendon, we think the evidence, when viewed in the light most favorable to the plaintiff, as it must be viewed on this review, is sufficient to support a finding of an implied contract to that effect. Ammons was a resident of Dale County, where he had operated sawmills for a number of years. Most of his employees lived in the same community in that county and without doubt Ammons had always furnished transportation to his employees from their homes to the points where the mill or mills were located, which were usually a number of miles distant from the community where they lived. Usually the employees rode to and from work in one or two trucks owned by Ammons and driven by his employees, who were directed to use the trucks for that purpose. When either of the trucks was out of repair or otherwise unavailable, employees were transported to and from work in automobiles owned by one or more employees. The owners of the vehicles used in this manner were not paid for their services, but Ammons did furnish the gas and oil consumed in that operation. The mill where McClendon worked at the time he was killed had been moved to Barbour County only a few days prior to the date of the fatal accident. As before indicated, the mill in Barbour County was more than twelve miles from the community in Dale County where the employees lived and after the mill was moved to Barbour County the employees continued to ride to and from their work in vehicles furnished by Ammons.

We think the evidence supports a finding that if Ammons had not furnished the transportation the sawmill could not have been operated. We can reach no other conclusion than that the evidence in this case supports a finding that the transportation was a part of the business and that there was an implied contract that Mc-Clendon and other employees would be carried to and from their work. This is the conclusion reached by the Supreme Court of Tennessee in the case of Taylor v. Meeks, 191 Tenn. 695, 236 S.W.2d 969, where the facts are almost identical with those of the case at bar.

The facts in the instant case are distinguishable from those in the case of Blair v. Greene, supra, in that in the latter case it did not appear that there was any direction from the employer, Blair, that the automobile be used by his superintendent, Charlton, for the purpose of transporting employees to and from their work. In the instant case the evidence is ample to support a finding that the transportation of the employees was in accordance with the direction of the employer, Ammons.

The judgment is affirmed.

Affirmed.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.