260 So.2d 393

**RUSSELLVILLE GAS COMPANY,**
Incorporated

v.

**Cecil Judson DUGGAR.**

**8 Div. 49.**

Court of Civil Appeals of Alabama.

Aug. 25, 1971.

Rehearing Denied Sept. 22, 1971.

**662**

London, Yancey, Clark & Allen and Max Hudson, Birmingham, and Guin, Guin, Bouldin & Porch, Russellville, for appellant.

Taylor & Taylor, Russellville, for appellee.

**WRIGHT, Judge.**

This is a case involving a claim for Workmen's Compensation. Claimant, Cecil Judson Duggar, was employed as a driver of a liquid petroleum gas truck by Russellville Gas Company, Inc. Duggar was paid a salary and commission. At night and on weekends he took the truck home with him. Other drivers for the company did the same. If a customer within his territory needed a delivery at night or on weekends, Duggar made such delivery directly from his home if the truck contained the necessary gas. If it was emptied he refilled it at the plant and returned to his home. He often took calls for deliveries at his home after regular working hours. He was under instruction to respond to calls day or night. If he left his home for any reason during off hours, he was to notify his employer where he could be located. In addition to a phone at his home, he had a two-way radio in the truck. During the past year of his employment, prior to injury, he had probably received ten to twenty calls for service while at his home.

On Monday, January 12, 1970, at about 6:30 a. m., while going from his house to where the truck was parked in the yard, claimant slipped and fell on ice and snow on his driveway. The fall resulted in a broken hip. Complications from the injury resulted. Blood clots formed in the veins of the leg requiring an operation for removal. Some clots passed on to the lungs and heart causing infarctions. The infarctions resulted in damage to the lungs decreasing lung capacity and affecting breathing. He was hospitalized for a long period of time and was permanently disabled. His hospital and medical expenses exceeded $9000.

Upon trial, judgment was rendered against the employer, appellant here. The court found that the accident resulting in claimant's injury "arose out of and in the course of his employment while plaintiff was about to get into a liquid petroleum

gas delivery truck at his home where the truck was kept during the hours when the defendant's gas office was not open, and from which he answered calls for gas service and made deliveries from during such periods, and that the accident consisted of the plaintiff falling on ice. * * *"

Award was made for 85% permanent partial disability for 300 weeks at $39.74 per week, or a total of $11,922.00 compensation. There was also awarded a total of $9,022.95 for medical expenses. An attorney's fee of $3,141.81 was allowed plaintiff's attorney.

The amended final judgment was entered March 12, 1971. After denial of a motion for new trial, defendant below brings the matter here by certiorari.

Appellant in brief stated the sole question presented here is whether appellee's injuries arose out of and in the course of his employment with appellant.

The facts surrounding the injury of appellee as herein related are without material conflict. It appears the finding of the court that appellee was injured by accident arising out of and in the course of his employment resulted from the unusual situation in which the employee at night and on weekends kept his delivery truck at his home and made deliveries, if called by customers of appellant. As a result the court apparently reached the conclusion that such arrangement made the home of appellee the premises of the employer. Having determined that appellee was injured by accident while on the premises of the employer, the court concludes that he was in the course of his employment.

We cannot accept either the finding of fact or conclusion of law indicated by the judgment of the trial court.

Title 26, Section 262(j), Code of Alabama 1940 appears as follows:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, or about the premises where their services require their presence as a part of such service at the time of the accident, and during the hours of service as such workmen, * * *"

The words of Justice Harwood written in the case of Allen v. Genry, 39 Ala.App. 281, 97 So.2d 828, and quoted by Justice Merrill in the case of Glens Falls Ins. Co. of Glens Falls, N. Y. v. Anderson, 280 Ala. 626, 197 So.2d 276 appear as follows:

"The word 'premises' is an elastic and inclusive term. Leroy Franz, Inc., v. City of New Rochelle, Sup., 124 N.Y.S. 2d 525; and it does not have one definite and fixed meaning, but its meaning is to be determined by its context and is dependent on circumstances in which used, Gibbons v. Brandt, 7 Cir., 170 F.2d 385; the term may mean a room, shop, building, or any definite area. State v. Goodchild, 151 Me. 48, 115 A.2d 725."

Justice Merrill in Glens Falls Ins. Co. of Glens Falls, N. Y. v. Anderson, supra, further discusses the term "premises" and relates it to control or right of control over the activities of the employee by the employer. We would discern no difficulty in applying Justice Harwood's "elastic" definition of premises to the home of appellee in the instant case had he been engaged in the service of appellant at the time of his injury. However, to permit the home of appellee to be categorically designated as the premises of appellant at all times when occupied by appellee would, in effect, provide protection of Workmen's Compensation to appellee at all times without any means of control of his activities by appellant. He could claim compensation for falling in the bathtub. We do not think even the benevolent purposes of Workmen's Compensation were intended to be extended so far.

Had appellee been responding to a call to deliver gas to a customer, or to a call from his employer directing performance of some service at the time of his injury, we conceive of no difficulty in placing him within

the protection of the compensation law. Under the facts as presented, we cannot do so. We consider the accident suffered by appellee to no more have arisen out of and in the course of his employment than if he had been any workman arising in the morning and proceeding to his means of transport to his place of employment. The fact that his means of transportation was a vehicle provided by his employer and which might have been used by him to perform a service for his employer if called during the weekend is merely incidental.

The case of Wooten v. Roden, 260 Ala. 606, 71 So.2d 802, is in many respects similar to the case at hand. The statute under discussion there was as here—Title 26, Section 262(j). It was stated there that Section 262(j) is recognized as placing a limitation upon the phrase of "arising out of and in the course of his employment," contained in Title 26, Section 253, Code of Alabama 1940. With such concept in mind, it surely cannot be said that an unrealistic definition of the term "premises" may be allowed to negate the requirement of the existence of a master-servant relationship at the moment of the accident. The injury must have had its origin in some risk incident to the employment. Such risk is incident to the employment when it is connected with duties being performed under the obligations of such employment.

For want of any evidence to support the finding of fact and the improper application of the law to the facts, the judgment of the trial court must be reversed.

The remaining assignment of error pertains to the setting of attorney's fee for plaintiff's attorney. The reversal of the judgment on other grounds disposes of that question. For future consideration of the trial court on the question of attorney's fees, we suggest study of Title 26, Section 262(a) and the following cases: Sam's Place v. Middleton, 39 Ala.App. 481, 103 So. 2d 812; Liberty Mutual Ins. Co. v. Manasco, 271 Ala. 124, 123 So.2d 527.

· Reversed and rendered.

Court of Civil Appeals of Alabama.