270 So.2d 104

**UNION CAMP CORPORATION,**
**a Corporation,**

v.

**Myrtle W. BLACKMON, Surviving widow**
**of Otis G. Blackmon.**

**3 Div. 46.**

Court of Civil Appeals of Alabama.

June 21, 1972.

Rehearing Denied July 19, 1972.

Poole & Poole, Greenville, for appellant.

Williamson & Taber, Greenville, for appellee.

WRIGHT, Presiding Judge.

This is a workmen's compensation case. The only matter presented by the appeal is whether the accident causing the death of Otis Blackmon, the deceased husband of Myrtle W. Blackmon, arose out of and in the course of his employment with appellant, Union Camp Corporation.

Blackmon was an employee of appellant at its plant near Chapman, Alabama. He was classified as a general maintenance man. Along with other maintenance men he often worked on Sundays when the plant was often inactive. His working hours on such Sundays were from 7 a. m. to 3:30 p. m. He was paid for the full 8½ hours, including 30 minutes allowed for lunch. He was subject to call for his services during the working hours and took his time for lunch when the best opportunity arose. If he chose, he was allowed to leave the plant for lunch, but was subject to recall if need arose.

On Sunday, December 21, 1969 Blackmon came to work at 7 a. m. Near 12 noon, he left the appellant's plant and went to his home for lunch. His house was some two miles distant from his place of work. He ate his lunch and returned to the parking lot of the plant. There he met a fellow employee who was going in his automobile to purchase a "Coke." Blackmon got in the car of the employee and went with him to a service station some distance away. They each purchased a soft drink and began the trip back to the plant. It was raining heavily. As they neared the plant, the driver lost control of the automobile in which Blackmon was a passenger. It struck a tree and Blackmon suffered injuries from which he died on December 26, 1969. At the time of his injury, Blackmon was within the 30 minutes

allowed for lunch and was "on the clock" for pay purposes.

Upon trial of the case below, the court made the following finding of fact:

> "G. On December 21, 1969, when Blackmon sustained his injury by accident, resulting in his death, such accident and subsequent injury arose out of and in the course of his employment with Defendant, Union Camp. Blackmon's activity, at the time of the accident, was incidental to and in furtherance of his employer's business and, though off premises at the time of the accident, he was at a place where he might reasonably have been expected to be in the course of his employment."

As a result of such finding, judgment was rendered against Union Camp for full compensation totaling $18,800.00.

Title 26, Section 253, Code of Alabama in pertinent part is as follows:

> "When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawful imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, . . . shall receive compensation by way of damages therefor from the employer . . . ."

Title 26, Section 262(j) in pertinent part is as follows:

> "Throughout Articles 1 and 2 of this chapter the following words and phrases as used therein shall be considered to have the following meaning, respectively, unless the context shall clearly indicate a different meaning in the connection used: . . . (j). Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, or about the premises where their services are being performed, or where their services require

> their presence as a part of such service at the time of the accident, and during the hours of service of such workmen . . . ."

Appellant submits that the finding of the court recited above is contrary to both the evidence and the law; that the accident occurred off the premises as that term has been defined in an "elastic" sense by the decisions of our appellate courts and that the evidence does not support the finding that the accident arose out of and in the course of employment.

As indicated by our discussion in Russellville Gas Co. v. Duggar, 47 Ala.App. 661, 260 So.2d 393, we have no particular problem with a specific definition of premises so long as an employee's activities are under the control or right of control of his employer, and such activities are in furtherance of or at least incidental to the furtherance of his contract of employment. The premises of the employee may be loosely defined as any place where he may properly be in the carrying out of the duties owed to his employer.

If an employer has a specific plant site upon or at which an employee is retained to perform his service, there is little problem presented in defining premise. However, if there is no such specific site with defined boundaries or limitations, premise must be determined by the facts in each case including the scope of the duties assigned to be performed and the control or right of control of the employer over the employee while in the performance of his duties.

We think Section 262(j) is definitive within itself, when it states premises as being "where their service requires their presence as a part of such service at the time of the accident, and during the hours of service . . . ."

In other words, if a workman is in the course of his employment at a place where the terms of his employment reasonably require him to be he is on or about

the premises of his employer as required by the statute. Premise must not only be elastic and inclusive, without a definite and fixed meaning, but may be transitory and dependent upon circumstances in which used. Allen v. Genry, 39 Ala.App. 281, 97 So.2d 828; Glens Falls Ins. Co. of Glens Falls, N. Y. v. Anderson, 280 Ala. 626, 197 So.2d 276.

In the case at hand, the specific location of Blackmon at the time of his accident is not determinative of the question of whether he was covered by Workmen's Compensation. Rather we are concerned primarily with whether the accident arose out of and in the course of his employment.

So far as we have been able to determine there has been no previous case in this state involving the same or similar factual situation where the issue has been the application of the phrase "arising out of and in the course of employment."

▊ It has often and correctly been stated that whether an accident arose out of and in the course of employment must depend upon the facts and circumstances of each case. No exact formula can be set forth which will automatically solve every case. Wooten v. Roden, 260 Ala. 606, 71 So.2d 802. Thus we cannot and do not decide in this case that in every instance in which an employee is "on the clock" during his lunch period and is permitted to leave the premises of his employer to go to his home or some other place to eat and is injured during such trip he is or is not entitled to Workmen's Compensation for his injury.

The Supreme Court stated the following in Wooten v. Roden, supra:

"Upon considering the meaning of the complete expression 'arising out of and in the course of his employment,' and of its separate component parts, it should be observed that while an accident arising out of an employment usually occurs in the course of it, such is not invariably true. Likewise, an accident which occurs in the course of an employment does not necessarily arise out of it. The words 'arising out of' involve the idea of causal relationship between the employment and the injury, while the term 'in the course of' relates more particularly to the time, place and circumstances under which the injury occurred. The phrases are not synonymous; where both are used conjunctively a double condition has been imposed, and both terms must be satisfied in order to bring a case within the act. 58 Am.Jur. 717. Generally, an injury arises out of an employment only when there is a causal connection between the injury and the conditions under which the work is required to be performed.

\* \* \* \* \* \*

"To justify recovery under the Workmen's Compensation Act, the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188; Madden's Case, 222 Mass. 487, 111 N.E. 379, L.R.A.1916D, 1000."

▊ Assuming arguendo that Blackmon was within the confines of the course of his employment when he left the plant while on the time of his employer and with permission went to his home to secure sustenance and further that such trip to eat and return to his work was incidental to his employment, we consider that under the undisputed facts of this case that he had departed therefrom at the time and place of his injury. He had completed the matter of securing sustenance so that he could continue with his assigned task and returned to or within close proximity of his normal work when he chose to deviate from his direct course and entered upon a second journey for his own pleasure, totally unrelated to the business of his employer. It cannot be said that as to his second

trip, though his injury occurred while returning to the plant, that he was present at the place of the accident because of his work or for the benefit of his employer, or that the injury resulted from some risk of his employment.

"Harm sustained during a meal period may not be compensable as arising out of and in the course of employment when the harm results from an independent act of the employee having no connection with his work or his meal . . . or when the harm is sustained by reason of the employee's placing himself in a more dangerous position than was required of him during the meal period . . ." 99 CJS Workmen's Compensation § 243, p. 862.

We said in Russellville Gas Co. v. Duggar, supra, that, "The injury must have had its origin in some risk incident to the employment. Such risk is incident to the employment when it is connected with duties being performed under the obligations of such employment."

We have considered the principle of control as enunciated in Glens Falls Ins. Co. of Glens Falls, N. Y. v. Anderson, supra. Had the injury of Blackmon occurred on his original journey from the plant of appellant, the theory of control may have been material to our decision. We do not consider it necessary to be applied to our decision on the facts before us. We say again, we do not decide here that Blackmon would or would not have been entitled to workmen's compensation for an injury while on his lunch break had such injury occurred in a manner other than as it did.

We hold that as a matter of law, the accident and injury of Blackmon did not arise out of and in the course of his employment. The judgment of the trial court must be reversed.

Reversed and remanded.

BRADLEY and HOLMES, JJ. concur.