290 So.2d 184

Ocie BELL

v.

GENERAL AMERICAN TRANSPORTATION CORPORATON, a corporation.

Civ. 74.

Court of Civil Appeals of Alabama.

May 9, 1973.

Rehearing Denied June 6, 1973.

McMillan & Spratling, Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee.

HOLMES, Judge.

This is a workmen's compensation case. The only matter presented by the appeal is whether the accident and resulting injuries to Ocie Bell arose out of and in the course of his employment with appellee, General American Transportation Corporation, a corporation.

From 1961 until October 31, 1969, the date of the accident, Ocie Bell, the appellant, hereinafter referred to as Bell, worked for General American Transportation Corporation, hereinafter referred to as employer, as a welder.

The employer constructed gasoline storage tanks on job sites throughout the southeastern part of the United States. When the services of Bell were required the employer would contact Bell and inform him where he was to report to work.

Prior to the accident in question the employer contacted Bell at his home in Jasper, Alabama, and informed him to report to a job site in North Carolina. As found by the trial court in its findings of fact, there existed an agreement that Bell was to be paid his expenses of travel on a mileage basis. This travel expense included travel allowance from his home in Jasper, Alabama, to the job site and return home to Jasper. This mileage expense was paid in this instance upon Bell leaving North Carolina.

On Thursday, October 28, 1969, Bell completed his work at the North Carolina job site. Sometime prior to his departure he had been informed to report to another job site of employer located in Collins, Mississippi. He was to be in Collins, Mississippi, on November 3, 1969. The learned trial judge, in his findings of fact, correctly determined that under the agreement of the parties, Bell would have been paid his travel expense on a mileage basis from Jasper, Alabama, to Collins, Mississippi, and his return home to Jasper, Alabama. On October 31, 1969, while traveling from the North Carolina job in his

own private vehicle to his home in Jasper by a direct route, he was involved in an automobile accident approximately twenty-five miles from Birmingham, Alabama. Bell was gravely injured, losing his right leg, the use of his left leg, and was in a comatose condition for six weeks.

The trial court further found that Bell was not required to use his automobile on the job site, nor was he instructed how or where to travel when he left the job, but was paid travel expense to his home on a mileage basis determined by the most direct route from a map. This determination of the most direct route was made by the employer.

In addition to the above, there was evidence that there existed a contract between the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers and Employers, and the employer which provided in pertinent part as follows:

"ARTICLE 16. Transportation

"It is the intention of the parties that employment of all men commences and ends at the job site. However, in recognition of travel costs incurred by the men before commencement and after termination of their employment the following shall govern:

"(16a) When a national transient boilermaker is authorized to travel at the Contractor's expense from where he is to his next work or from the job from which he was laid off to the point from which he was hired or his home, whichever is less, he shall be allowed a transportation allowance for miles traveled at the rate of 10 cents per mile for the first 200 miles or less, 14 cents per mile for the next 300 miles; or less, and 17 cents per mile for any distance over 500 miles. Transportation allowances may be determined in advance at the option of the Contractor with mileage over the most di-

rect main traveled route as determined from the Rand McNally Atlas. Men paid on a straight time salary basis or men paid on a guaranteed basis of forty (40) hours will be paid 10 cents per mile regardless of the distance traveled."

From the above the trial court made the following conclusion of law:

"The main issue between the parties in this case is whether or not the injuries received by the plaintiff in said automobile accident arose out of and in the course of his employment by the defendant. If the plaintiff suffered injuries by an accident arising out of and in the course of his employment the plaintiff would be entitled to recover. On the other hand, if the plaintiff did not suffer injuries from an accident which arose out of and in the course of his employment by the defendant, the plaintiff would not be entitled to recover. The court concludes from the findings of fact herein that the accident in which the plaintiff was injured did not arise out of and in the course of his employment by the defendant. That the plaintiff was on his way home at Jasper, Alabama at the time of the accident and not in the employment of the Defendant."

It is clear from the above that the trial court based its decision that Bell was not covered under the workmen's compensation laws of this state because he was on his way home to Jasper, Alabama, at the time of the accident and, therefore, not in the employ of the appellee.

■ We believe the trial court's conclusion that employee's injury did not arise out of and in the course of his employment is inconsistent with the facts found by the court. We are, of course, mindful that if there is any reasonable view of the evidence that will support the conclusion reached by the trial court, its finding and judgment will not be disturbed here. 19A Ala.Dig., Workmen's Compensation, Key 1940.

As our Presiding Judge Wright stated in Union Camp Corporation v. Blackmon, 49 Ala.App. 229, 270 So.2d 104, 106:

"[W]hether an accident arose out of and in the course of employment must depend upon the facts and circumstances of each case. No exact formula can be set forth which will automatically solve every case. . . ."

It is clear that, as a general rule, accidents occurring while an employee is traveling to and from work are not considered "arising out of and in the course of his employment." Gilmore v. Rust Engineering Co., 289 Ala. 46, 265 So.2d 591; Barnett v. Britling Cafeteria, 225 Ala. 462, 143 So. 813; Sloss-Sheffield Steel and Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165; 99 C.J.S. Workmen's Compensation § 232. However, there are exceptions to this general rule. One such exception is when the transportation constitutes a part of the consideration paid to the employee for his services. Professor Larson, in his work on workmen's compensation law, in Vol. 1, § 16.30, of Workmen's Compensation Law, makes the following comment regarding the above stated exception:

"However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed . . . .. The fact that . . . the provisions of transportation or transportation expenses is actually held out as an inducement to accept employment is a material factor supporting compensability. A fortiori, when acceptance of employment is conditional on the furnishing of transportation, the journey has become a·part of the service contracted for."

Our supreme court, in Ammons v. McClendon, 263 Ala. 651, 652, 83 So.2d 239, 240, recognizes this exception. In *Ammons,* an employee, while on the way home (as in the instant case) from work in the vehicle of a fellow employee, was injured. The supreme court stated as follows:

"As to whether or not McClendon was where his service required his presence as a part of such service at the time of the accident and during the hours of service as a workman, within the meaning of subsec. (j), supra, depends upon the effect to be accorded his transportation to and from work in the truck. *If by contract, express or implied, the transportation constituted a part of the consideration paid or to be paid McClendon for his services, then, in that event, the mutual duties of employer and employee were being performed at the time McClendon was killed and the workmen's compensation laws would be applicable.* If, on the other hand, the transportation did not constitute a part of his contract of employment, the workmen's compensation law has no application. Blair v. Greene, 247 Ala. 104, 22 So.2d 834." [Emphasis added]

As noted earlier, the employer performed work over the southeastern part of the United States; Bell was in the employ of appellee for some eight years, and it was necessary that Bell get to the job sites to perform his service. These factors were recognized in an agreement to pay Bell mileage to and from the job sites on a set schedule of payment.

It is clear from this agreement that transportation expenses constituted a part of the consideration paid to Bell for his services. Additionally, the subject of transportation was, in this instance, singled out for special consideration as it did involve considerable distance. In fact, Bell

was specially paid for his return trip home before embarking on the journey.

Here, there is no dispute that the employee was returning home from his employment with appellee; further, that he had not deviated or set out on a personal mission of his own, but was proceeding by a direct route. Therefore, in this instance, travel was an incidental part of the service performed, and thus this case falls within the ambit of the authorities which hold that an injury occurring while the employee was traveling arises out of and was in the course of his employment. See Ammons v. McClendon, *supra*; Gilmore v. Rust Engineering Co., *supra*; Larson's Workmen's Compensation Law, *supra*.

■ Able and experienced counsel for appellee argues that since the court found that Bell could travel by any means he desired or by any route that he desired, there was therefore no control and hence the injury did not "arise out of and in the course of his employment." In this case we do not regard "control" as a factor essential to recovery under the travel expense exception. If Bell had been injured in Miami, Florida, or Toledo, Ohio, or some locale not in the direct route home, a question could then arise as to a deviation, and that question would have to be answered by an appropriate determination of the applicable law. In that instance, consideration would be given to the separate component parts of the complete expression "arising out of and in the course of his employment." See Wooten v. Roden, 260 Ala. 606, 71 So.2d 802. Here, however, under the facts such consideration is not necessary.

■ Employer, in his excellent brief, further argues that that provision in the collective bargaining agreement referred to herein above by and between employer and the union is determinative of the fact that Bell was not an employee of appellee at the time of the accident and, therefore, the injury did not arise out of and in the

course of his employment. Specifically, the appellee relies on that portion of the agreement that provides that "employment commences when the employee reaches the job site and terminates when he leaves the job site." We cannot agree with this contention.

■ As seen from above, this court believes that this employee, in this instance, was covered under the law of Alabama by our workmen's compensation law at the time of his injury, even though he was in a travel status proceeding to his place of abode. The question raised by appellee's argument is whether or not, after an election to come under the Workmen's Compensation Act of this state, coverage can be altered or modified by an individual or private contract. We think not.

■ It is the general rule that no contract or agreement can modify a law, the exception being where no principle of public policy is violated parties are at liberty to forego the protection of the law. See Ivey v. Dixon Investment Co., 283 Ala. 590, 219 So.2d 639; Herman, Estoppel and Res Judicata, Vol. II, p. 955. By enacting the Workmen's Compensation Act, the Alabama Legislature has declared principles of public policy. The policy declared by the legislature and the court decisions interpreting that policy, as seen from above, is that persons, as the employee in this instance, are to be covered by the workmen's compensation law.

■ It should also be noted that, in this instance, the provision relied upon by appellee is not contained in a contract of employment between appellee and appellant, but is contained in a contract between appellee and a union. The Supreme Court of Alabama, in Ellison v. Butler, 271 Ala. 399, 124 So.2d 88, has stated ". . . a bargaining agreement is not a contract of employment." However, while it is not necessary to this opinion nor do we decide this question, it would appear to this court that even though such provision or a simi-

lar provision modifying an employee's right to coverage under the workmen's compensation law were to be contained in a contract of employment itself, such provision would not be binding.

An election to come under the act is an acceptance of all the provisions of the act (See Tit. 26, § 271, Code of Alabama 1940) and termination of this election is normally by the procedure under § 276. No provisions are provided by our legislature allowing modification of the provisions enumerated under the act. Any decision on the part of this court allowing modification of the act's provisions by private contract would amount, not only to the allowance of complete abrogation of specific provisions of the act itself, but of the intent of the act. The act might be circumvented at will, rendering it totally void of usefulness.

In view of the above, the judgment of the circuit court is to be reversed, as the court's conclusion of law that the injuries did not arise out of and in the course of his employment are inconsistent with the facts found by the trial court.

The judgment of the trial court is reversed, and the cause is remanded with directions to the circuit court to fix the compensation and enter judgment for the plaintiff.

Reversed and remanded with directions.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

It is this court's opinion that we have fully resolved appellee's contentions in our original opinion. However, in view of earnest insistence of able counsel, we will add that we have re-examined our holding and we fail to be persuaded by appellee's brief and argument in support of Application for Rehearing.

At appellee's request, the original opinion is extended by adding the following facts:

Add on page 2, third paragraph, after first sentence ending ". . . and informed him to report to a job site in North Carolina.":

"This was a normal procedure when Bell was at home and not working on one of the employer's jobs. When Bell arrived at the North Carolina job site he signed in as a new employee."

Opinion extended; application for rehearing denied.

WRIGHT, P. J., and BRADLEY, J., concur.