This is a workmen's compensation case.
Myra Mae Turner, the widow of the deceased employee, Ted James Turner, takes this appeal from a judgment entered in favor of appellee-employer.
Mrs. Turner contends her husband had not left the premises of the appellee-employer, The Drummond Company, Inc., at the time of the accident which resulted in his death and that she therefore, is entitled to death benefits as provided by Alabama's Workmen's Compensation Law. She further states that even if her husband had left the premises of Drummond at the time of his accident, she, nevertheless, is entitled to workmen's compensation benefits, because the facts of this case fall within one of the recognized exceptions to the general rule that an employee is not entitled to workmen's compensation benefits for injuries sustained while going to or coming from his place of employment. We disagree with both of these contentions.
The record reveals the following:
The Drummond Company is engaged in the coal processing business. It crushes, separates, washes, and stores coal. Turner had been employed as a supply man in the Drummond warehouse for approximately one month at the time of his injury.
The warehouse where Turner worked is within the preparation plant of The Drummond Company. Drummond's washer and preparation plant are located at the western end of the "haul road," a dirt road running in an east west direction from the Searles Road. Searles Road is a Tuscaloosa County blacktop which runs in a northeasterly direction. The western end of the haul road terminates at the Black Warrior River, approximately 6 miles from the county blacktop.
Mitchell-Neely maintains a coal crushing operation on the Black Warrior River. Mitchell-Neely's crusher is located at the very end of the haul road and is adjacent to Drummond's preparation plant. The only access to the Drummond preparation plant and the Mitchell-Neely crusher is via the haul road.
Coal is hauled to the Drummond preparation plant by trucks from points east of the plant. Drummond's office is also located on the haul road and is approximately 6 miles east of the preparation plant.
Turner, appellant's decedent, worked the 11:00 P.M. to 7:00 A.M. shift at Drummond on October 10, 1974. After being relieved of his duties in the storeroom by N.B. Obenchain, Drummond's purchasing agent, and after getting the automobile he was driving "jumped," Turner left for home. On the haul road, at a point approximately 2 miles east of Drummond's preparation plant and 4 miles west of Drummond's main office, Turner veered into the path of a 950 Ford tandem trailer truck carrying an estimated 17-18 tons of coal. The truck's destination was the Mitchell-Neely crusher. Turner subsequently died from the injuries sustained in the accident.
At the time of the accident, Drummond neither owned nor leased any land adjacent to the haul road, other than that where the preparation plant, washer, and main office were located. However, pipes which were used to pump water for Drummond's "sludge" ponds were laid parallel to the haul road. These pipes extended eastward approximately 15,000 feet from the preparation plant. *Page 601 
Abston Coal Company, Gulf States Paper Company, U.S. Plywood, and Champion Paper Company own property adjacent to the haul road.
The haul road was described as a very wide dirt road, sufficiently wide to simultaneously accommodate 3 or 4 trucks the size of the one involved in the accident. It has been in existence for at least 34 years.
The amount of traffic on the road was characterized "light to moderate" and "heavily traveled" by different witnesses. Traffic is heaviest at the change of shifts at Drummond. Coal hauling vehicles constitute a large portion of the traffic on the road. Some of these coal hauling vehicles, because of their size, are prohibited from using county roads. In addition to coal hauling vehicles, the road is used by personnel of other companies that own property on the road. The road is also used for access to hunting and fishing areas.
A number of roads intersect the haul road. "Yield Right of Way" and "Stop" signs control access from these roads to the haul road. Additionally, a number of these intersecting roads are marked with signs stating, "Private No Trespassing."
At one time, families maintained residences on the haul road. However, the last families moved from the area in the sixties. Tuscaloosa County has not maintained the road since 1968, at the latest. Drummond grades the road, maintains adjacent berms in accordance with federal regulations, and frequently waters the road to diminish the dust. Abston and Mitchell-Neely also constructed some berms on the road.
Appellant filed her claim seeking workmen's compensation benefits on October 6, 1975. Trial was conducted in the Circuit Court of Tuscaloosa County on July 29, 1976. After hearing testimony, the trial judge physically inspected the haul road and later entered judgment for Drummond. Relevant portions of the judgment state:
 "At the time of the accident referred to herein the said Ted James Turner was not performing any duties for his employer, the defendant, the Drummond Company, and this accident and the injuries resulting therefrom did not arise out of or in the course of his employment with the defendant. The accident occurred on a public road used by the public generally, including individual land owners and other companies operating in the vicinity, since at least 1934.
 ". . . Therefore, the Court concludes that the plaintiff is not entitled to benefits under the Workmen's Compensation Laws of Alabama . . ."
Mrs. Turner filed appeal from that judgment.
 I
As previously stated, Mrs. Turner contends that the accident which claimed her husband's life occurred on the premises of Drummond.
 "The word `premises' is an elastic and inclusive term . . . and it does not have one definite and fixed meaning, but its meaning is to be determined by its context and is dependent on circumstances in which used, . . ." Allen v. Genry, 39 Ala. App. 281, 285, 97 So.2d 828, 832 (1957).
This court has previously stated that the term "premises," as used in the workmen's compensation statutes, must be related to the control or to the right of control of the employer over the employee. Russellville Gas Company v. Duggar, 47 Ala. App. 661,260 So.2d 393 (1971), cert. den., 288 Ala. 309, 260 So.2d 395
(1972). Here, the facts disclose no such right of control by Drummond.
Turner had been relieved of all duties and was no longer under the control of his employer at the time of the accident. He was not rendering service to his employer at the moment of collision. Rather, he was traveling on what the trial court found to be a public road at a location 2 miles from where he performed his duties. Indeed, he was engaged in an activity of his own choosing at the time of the accident. The evidence is sufficient to sustain a finding *Page 602 
by the trial court that the accident did not occur on the premises of the employer within the meaning of the statute. SeeHayes v. Alabama By-Products Corporation, 242 Ala. 148,5 So.2d 624 (1942); Sloss-Sheffield Steel Iron Co. v. Thomas,220 Ala. 686, 127 So. 165 (1930); Russellville Gas Company, supra.
Appellant also states that it is irrelevant that her husband was not at his exact place of employment, for the Supreme Court of Alabama, in the case of Overton v. Belcher, 232 Ala. 396,168 So. 442 (1936), held that a workman is entitled to workmen's compensation benefits for injuries sustained within a reasonable time after his employment while he is near his place of employment. That decision is inapplicable to the facts of this case.
In Overton, the injury in question occurred to the employee while he was utilizing transportation provided by the employer. Alabama decisions recognize an exception to the general rule that an employee is not entitled to workmen's compensation benefits for injuries sustained while going to or coming from work. Such exception may exist when the employee is injured while traveling by a mode of transportation furnished by his employer. Jett v. Turner, 215 Ala. 352, 110 So. 702 (1926). The decision in Hayes v. Alabama By-Products Corporation, supra, expressly limits the applicability of Overton to situations where the employer has provided transportation to the employee. Here, Turner was traveling by private automobile. Hence, the facts of this case do not fall within the exception set forth in Overton.
We do not perceive appellant's reliance on Baggett Transp.Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21 (1953), to be well founded, even though the injury for which the employee received benefits occurred approximately one mile from the premises of the employer. The employee's injuries occurred when members of the employer's striking work force followed the employee from his place of employment to a point one mile from the premises where they forced his automobile off the road and shot him. The court found that the assault began at the entrance to the place, i.e., upon the employer's premises, and was a continuing course of action to the location where the employee sustained his injuries. Here, no such argument was feasible. Turner was completely separated from his employer's premises prior to the time he sustained his injuries. Able and distinguished counsel for appellant's first contention is therefore without merit.
 II
Mrs. Turner also argues that the facts herein fall within one or more exceptions to the general rule that an employee is not entitled to workmen's compensation benefits for injuries sustained when going to or coming from work. She contends that an employee proceeding home after hours is within the protection of the Workmen's Compensation Act while he is within the zone of danger associated with his employment. Barnett v.Britling Cafeteria Co., 225 Ala. 462, 143 So. 813 (1932); 1 A. Larson, Larson's Workmen Compensation Law, § 15.22 (1972). She also states that where the injury results from the special hazards of the route which the employee must traverse going to or coming from his place of employment such hazards become hazards of employment. See Larson's Workmen's Compensation Law,supra, § 15.13 and numerous cases cited therein. We cannot agree with either of these contentions.
 II(a)
In Barnett v. Britling Cafeteria Co., supra, the employee sustained her injury by slipping on the sidewalk immediately in front of the employer's place of business while on her way to report for duty and just before entering the way used by all employees to enter the premises. The sidewalk was a sidewalk used by the public generally, but was also used by the employer as a necessary connection with its business. It was the only entrance to the employer's business, and the employer also *Page 603 
"made use of it for other purposes in connection with its business."
While recognizing the general rule that an employee is not entitled to workmen's compensation benefits while en route to or from his place of employment, the court held workmen's compensation benefits recoverable by the employee.
 "[T]here is an exception to the general rule, and the employment is not limited by the actual time when the workman reaches the scene of his labor and begins it nor when he ceases, but includes a reasonable time, space, and opportunity before and after while he is . . . near his place of employment. . . . A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazard as to be, in effect, at the place and under the protection of the act. . . ." Barnett v. Britling Cafeteria Co., supra, 225 Ala. at 463, 143 So. at 813.
The court noted that although the employee was upon a public street when injured, so much of the sidewalk as was in front of the employer's business "was a necessary adjunct and used in connection with the business" so as to constitute "to a limited degree, and purpose, a part of the defendant's premises."
We do not perceive the facts of this case to fall within theBarnett doctrine. First, the location of the accident was two miles from Drummond's preparation plant. Drummond neither owned nor leased any land adjacent to the road except where its preparation plant, washer, and main office were located. We are unable to equate a point two miles from an employer's premises with a point immediately adjacent to the entrance to the employer's establishment. Although not stated in the Barnett
opinion, presumably the sidewalk on which the employee was injured extended for a number of blocks. We doubt that the same result would have been reached by the Supreme Court of Alabama in Barnett had the employee's injuries been sustained two miles or even two blocks from the Britling premises.
Implicit in the court's rationale in Barnett is the recognition that although Britling might not have possessed legal title to the sidewalk in question, it exerted such control over and used the portion of the sidewalk in question to such an extent that it constituted a portion of Britling's premises. Once the employee reached the point in question, she came within the "zone, environments, and hazard" of her employment. The cases which the court cited in support of its decision likewise involved situations wherein the injury occurred at a location well within the control of the employer;e.g., 20 to 40 feet from the employer's main gate, immediately in front of the employer's factory, etc.
Here, the record is devoid of any evidence which reveals an exercise of control by Drummond over the road at the point inquestion comparable to that exercised by Britling over the sidewalk in Barnett or by any employer over the scene of the accident in the cases cited in Barnett.
Drummond graded the road. However, the road was utilized by a number of other companies, as well as sportsmen desirous of entering the area for hunting and fishing. The road was also used by telephone and other utilities' trucks. Perhaps a different conclusion would be warranted had the accident occurred immediately in front of the preparation plant or washer. However, we cannot state that the record discloses sufficient control by Drummond over the road at the point in question to bring the facts of this case within the Barnett
doctrine.
 II(b)
Appellant also contends that where the injury results from the special hazards of the route which the employee must traverse in going to or coming from his place of employment, such hazards become hazards of employment. This theory which permits recovery by the employee is termed the "proximity" or "threshold" rule. Larson's Workmen's Compensation Law, supra, at 4-15-16. *Page 604 
 "In order for the threshold doctrine to apply and include a given employee under the provisions of the workmen's compensation law, the injury must have been caused by a hazard or danger to which the employee was regularly exposed because of his employment and the accident must have occurred in an area immediately adjacent to the employer's premises." Fabre v. Travelers Insurance Company, La.App., 286 So.2d 459, 463 (1973).
See also cases cited in Larson's Workmen's Compensation Law,supra, § 15.13, pp. 4-7, 4-10, footnote 23.
Although the "threshold" theory has been accepted by a majority of jurisdictions in some degree, Alabama appellate courts have never determined its applicability to this jurisdiction. We neither accept nor reject the rule presently, for irrespective of its merits, the facts of the case do not warrant its application.
When there is any legal evidence or reasonable inference therefrom to support the findings of fact by the trial court in a workmen's compensation case, such finding will not be disturbed on appeal. Federal Mogul Corporation v. Moses, Ala. Civ.App., 341 So.2d 162 (1976); Patterson v. Whitten,57 Ala. App. 297, 328 So.2d 301 (1975). Moreover, such findings are strengthened when, as here, the trial court has personally viewed evidence which is not before this court. Fuller v.Blackwell, 246 Ala. 476, 21 So.2d 617 (1945). There is evidence from which the trial court could reasonably have concluded that the location of the accident was not sufficiently proximate to Drummond's premises or otherwise under Drummond's control to warrant invocation of the doctrine. Numerous cases have permitted compensation benefits where the injuries sustained did not occur on the employer's premises, but only when the public way on which the injuries occurred was either immediately adjacent to or otherwise within the control of the employer. Naranja Rock Co. v. Dawal Farms, Fla., 74 So.2d 282
(1954); Jaynes v. Potlatch Forests, Inc., 75 Idaho 297,271 P.2d 1016 (1954); Fabre v. Travelers Insurance Company, supra;Doyle v. Penton Lumber Co., 56 So.2d 774 (La.App. 1952);Johannsen v. Acton Constr. Co., 264 Minn. 540, 119 N.W.2d 826
(1963); Nelson v. City of Saint Paul, 249 Minn. 53,81 N.W.2d 272 (1957); Daly v. Edwards Engineering Corp.,107 N.J. Super. 183, 257 A.2d 730 (1969);Industrial Commission of Ohio v. Barber, 117 Ohio St. 373,159 N.E. 363 (1927); Montgomery v. State Industrial Accident Commission,224 Or. 380, 356 P.2d 524 (1960).See also Greydanus v. Industrial Accident Commission,63 Cal.2d 490, 47 Cal.Rptr. 384, 407 P.2d 296 (1965); Templetv. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74
(1969); Oliver v. Wyandotte Industries Corporation,308 A.2d 860 (Me. 1973); Barker v. Wagner MiningEquipment Co., 6 Or. App. 275,487 P.2d 1162 (1971); 50 A.L.R.2d 363.
Additionally, the trial court could have reasonably concluded either that the injuries sustained were not peculiar to the employment or that there were no particular dangers which rendered the route hazardous, and that, therefore, under the facts of this case, the threshold rule does not apply. SeeHarris v. William J. Burns Int. Detective Agency, Inc.,94 Idaho 440, 489 P.2d 1320 (1971); Templet Intracoastal TruckLine, Inc., supra; Stoskin v. Board of Education of MontgomeryCounty, 11 Md. App. 355, 274 A.2d 397 (1971); Barker v. WagnerMining Equipment Co., supra.
The case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
In his brief accompanying his application for rehearing, appellant correctly notes that this court in its original opinion stated that Drummond neither owned nor leased any land adjacent to the haul road, other than that where the preparation plant, washer, and main office were located. Appellant points out the record reveals that Drummond actually leased property at the eastern end of the haul road for its pits. Appellant *Page 605 
is correct. However, such fact does not alter this court's original decision. In a workmen's compensation case we do not weigh the evidence and, in fact, must sustain the finding below if there is any legal evidence to support such finding. Here, as stated in our original opinion, sufficient evidence exists to sustain the finding of the trial court.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.