White Agencies, Inc., (employer) filed a "Petition for Declaratory Relief Pursuant to Alabama Workmen's Compensation Act," alleging that Penny V. Walker (employee) was injured on April 11, 1990, while driving home after completing a normal working day, and requesting that the trial court determine whether the employee's injury was compensable under the Workmen's Compensation Act. The employee responded, stating that her injuries were compensable because, she claimed, inter alia, that the employer effectively furnished her transportation and on the date of her injury, instructed her to report to work in Pensacola, Florida, and return home to Atmore, Alabama. Subsequently, the employer filed a motion for summary judgment.
The trial court granted summary judgment in favor of the employer and found that, because the injuries occurred while the employee was driving home from work, the accident did not "arise out of and in the course of [the employee's] employment" and that the employee was not entitled to recover from the employer.
As a general rule, accidents that occur while the employee is driving to and from work are not considered to arise out of and in the course of his or her employment. Winn-Dixie Stores, Inc.v. Smallwood, 516 So.2d 716 (Ala.Civ.App. 1987). However, there are several exceptions to the general rule. Id. The trial court further found that none of the recognized exceptions to the general rule applied in the present case.
The employee appeals to this court, and argues that the particular facts of her case afford her coverage under exceptions to the general rule. She first claims that, because the employer paid her automobile payment and insurance and her gasoline expenses, her transportation expenses constituted part of the consideration paid for services. Therefore, she claims the workers' compensation laws would apply and she is entitled to benefits under the travel expense exception. Bell v. GeneralAmerican Transportation Corp., 52 Ala. App. 123, 290 So.2d 184
(Ala.Civ.App. 1973). In Bell, the employee *Page 797 
was paid mileage expense to and from the jobsite.
Although the employer responded that the employee's deposition testimony established that the above-mentioned payments were merely in lieu of raises in salary and, therefore, the travel expense exception did not apply, the record contains evidence which disputes this contention. The record reflects that in addition to specific payments for gasoline each month, the employer, on behalf of the employee, made payments for gasoline for seven trips to Pensacola from February through May 1990 and, in particular, for gasoline on the date in question.
Judge Wright made it clear in Union Camp Corp. v. Blackmon,49 Ala. App. 229, 232, 270 So.2d 104, 106 (1972), that
 "It has often and correctly been stated that whether an accident arose out of and in the course of employment must depend upon the facts and circumstances of each case. No exact formula can be set forth which will automatically solve every case."
After a review of the entire record, this court finds that a genuine issue of material fact exists and the trial court erred in granting the employer's motion for summary judgment. This court must view the record in a light most favorable to the nonmoving party. Amerine v. James Tyson Co., 578 So.2d 1327
(Ala.Civ.App. 1990). Summary judgment is proper only when there is no genuine issue of material fact, McMullin v. AmSouthBank, 512 So.2d 1382 (Ala.Civ.App. 1987); therefore, factual differences must be resolved by a trial on the merits.
The employee also claims that other exceptions to the general rule apply to the facts of her case including that she was engaged in a duty to the employer in connection with her employment "at home or en route." Union Camp Corp. v. Blackmon,289 Ala. 635, 638, 270 So.2d 108 (1972). She further states that the special errand exception applies. However, because we already have found that a genuine issue of material fact exists as to the employer's contentions, we need not address these claims.
The trial court's grant of summary judgment is hereby reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in result.