CRAWLEY, Judge,
dissenting.
It is axiomatic that a trial court’s legal conclusions must comport with its findings of fact. See Overton v. Belcher, 232 Ala. 396, 168 So. 442 (1936). I dissent, because I believe the trial court’s legal conclusion (that the father is not voluntarily underemployed) is inconsistent with its own findings of fact.
The trial court stated that “[i]f [the father’s testimony that his gross income is only $1,200 per month is] true, [then the father] should find another line of work.” (Emphasis added.) Further, the court stated, “[The father] ought to do something more if he is ever to work out of the financial mess he has created.” (Emphasis added.) Given the father’s employment history, background, training, and experience, I conclude that the only reasonable interpretation of those statements is that the father has settled for a job that pays far below his potential earning level — thus, in effect, those statements indicate a determination that the father is voluntarily underemployed.
Moreover, the trial court’s statement that, in deciding the issue of voluntary underemployment, it “must rely on the only evidence it has — the father’s testimony [as to his income],” is erroneous as a matter of law. A court deciding the question of voluntary underemployment should compare evidence of current income to evidence oí former income, income-earning potential, and available employment opportunities. See Rule 32(B)(5), Ala.R.Jud.Admin. That rule states:
“In determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.”
Notably, the father’s testimony as to his current income was not supported by any *1153 documentary evidence; he testified that he had not filed tax returns for the past three years. He also testified that he had made no effort to find other employment. He had not checked with what he referred to as the “Unemployment Department for the State,” or a “vocational expert,” or any “headhunter group” to find a better-paying job.
The trial court’s judgment appears to be based on the pragmatic consideration of keeping the father’s child-support obligation low enough that he can avoid contempt proceedings and incarceration. This court noted a different approach in Cunningham v. Cunningham, 641 So.2d 807, 809 (Ala.Civ.App.1994), when it stated that an accumulated deficiency in child support often provides “an incentive for the father to ... find employment.”