MURDOCK, Justice
(concurring in the result).
I concur in the result because of the manner in which the issue of payment of *346 or reimbursement for transportation expenses to and from work appears to have been addressed in the trial court, but not in the appellant’s initial brief to this Court. In so doing, I do not wish to be understood as suggesting that the exception to the general rule (that an employee’s negligence while traveling to and from work does not subject an employer to vicarious liability) when the employee’s transportation expenses are paid or reimbursed, as it is described in the main opinion, is generally applicable to third-party respondeat-superior claims against employers. It appears that few, if any, cases, other than Shaw v. C.B. & E., Inc., 630 So.2d 401 (Ala.1993), apply this rule outside the workers’ compensation context, i.e., when an employer’s liability to a third party under common-law principles of vicarious liability is at issue. Even if this exception to the general rule were properly applicable to such non-workers’ compensation cases, it appears to be a rule applicable only under narrow circumstances. See generally Gilmore v. Rust Eng’g Co., 289 Ala. 46, 265 So.2d 591 (1972); Ammons v. McClendon, 263 Ala. 651, 83 So.2d 239 (1955); and 1 Terry A. Moore, Alabama Workers’ Compensation § 11.38 Payment of Travel Expenses (1998).