124 So.2d 88

Jerome **ELLISON**

v.

Newell **BUTLER** d/b/a Butler Coal Co.

6 Div. 466.

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied Nov. 17, 1960.

Rogers, Howard & Redden and Wm. H. Mills, Birmingham, for appellee.

Cooper, Mitch, Black & Crawford, Birmingham, for appellant.

SIMPSON, Justice.

This is a petition for a writ of certiorari to review a judgment of the Circuit Court of Jefferson County denying compensation to the petitioner, the plaintiff below.

The facts are undisputed. The sole question presented by this review is whether petitioner's employment by the respondents is subject to and covered by the Alabama Workmen's Compensation Law.

The trial court in its amended final decree of June 26, 1959 made the following findings of fact:

(1) During the petitioner's employment the respondents regularly employed less than eight employees.

(2) Petitioner's employment was covered by a collective bargaining agreement between respondents and petitioner's union. This agreement was entered into by the union for and on behalf of its members and governed the terms and conditions of employment of the petitioner and others working at respondents' mine. The agreement provides in part:

"Each operator who is a party to this agreement will provide the protection and coverage of the benefits under the Workmen's Compensation and Occupational Disease Laws, whether compulsory or elective, existing in the states in which the respective employees are employed."

Title 26, § 263, Code of Alabama 1940, as amended, provides in part:

"Articles 1 and 2 of this chapter shall not be construed or held to apply to * * * any employer, who regularly employs less than eight employees in any one business * * *. Any employer who regularly employs less than eight employees in any one business * * * may accept the provisions of articles 1 and 2 of this chapter by filing written notice thereof with the department of industrial relations and with the probate judge of each county in which said employer is located or does business, said notice to be recorded by the judge of probate * * * and copies thereof to be posted at the places of business of said employers * * *."

Tit. 26, § 270, Code of Alabama 1940 provides in part:

"If both employer and employee shall, by agreement, expressed or implied, * * * become subject to this article, compensation, according to the schedules hereinafter contained, shall be paid by every such employer in every case of personal injury or death of his employee caused by an accident arising out of and in the course of his employment * * *."

First, petitioner contends that the Act is applicable to his employment because the respondents, having asserted, by the quoted clause of the bargaining agreement, supra, that the Act is applicable, are estopped to deny coverage. Petitioner further maintains that the collective bargaining agreement entered into between his union and the respondents amounted to an agreement, "expressed or implied", as contemplated by Tit. 26, § 270, and served to bring respondent under the coverage of the Act.

On the other hand, respondents contend that there was no estoppel since there was no evidence of any misrepresentation made by them nor any reliance by petitioner on their actions and that there was no acceptance of the Act by them since no notice acknowledging acceptance was sent to the Department of Industrial Relations and the probate judge as required by Tit. 26, § 263, supra.

Several elements must be present before the courts will invoke an equitable estoppel. In 19 Am.Jur., Estoppel, § 34 equitable estoppel or estoppel in pais is defined as the principle of law "by which a party who knows or should know the truth is absolutely precluded, both in law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or con-

duct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed." See also Cosby v. Moore, 259 Ala. 41, 65 So.2d 178; Jacksonville Public Service Corp. v. Calhoun Water Co., 219 Ala. 616, 123 So. 79, 64 A.L.R. 1550.

We are of the opinion that the facts in this case will not support an estoppel. Nowhere in the record does it appear that the petitioner, in reliance upon the provision in the bargaining agreement, changed his position to his detriment. These are facts that the petitioner must prove. Mobile Towing & Wrecking Co. v. First National Bank of Lakeland, Fla., 201 Ala. 419, 78 So. 797; Kinney v. LaFrange, 38 Ala.App. 234, 81 So.2d 903.

Petitioner urges that the case of Herndon v. Slayton, 263 Ala. 677, 83 So.2d 726, is controlling here. In the Herndon case the deceased workman while negotiating employment was informed by the employer's agent that the job was covered by Workmen's Compensation while in fact the employment was not so covered. The deceased workman relied on the representation and took the job. He was injured on the job, the injuries resulting in his death. In that case we held that the employer was estopped to deny that he was covered by the Workmen's Compensation Act. That case is an example of the correct application of the principle of estoppel; both a representation by the employer and a reliance by the employee in good faith to his detriment are present. The Herndon case is thus distinguishable from the instant case. In the Herndon case the representation was made directly to the party claiming the estoppel; in the case before us it has not even been shown that the petitioner knew of the provision in the bargaining agreement. In the Herndon case the employee changed his position, when he accepted the employment, while relying on the representation that the job was covered by workmen's compensation; in the

case at bar there is no evidence that the petitioner changed his position in any respect, and if he did, there is no evidence that such change of position was in reliance on the representation in the collective bargaining agreement.

■ Petitioner next contends that the Workmen's Compensation Act is applicable in this case even if there had been no estoppel. This proposition is based upon certain language contained in § 270, Tit. 26 of the Code, quoted from above, viz: "If both employer and employee shall, by agreement, expressed or implied, * * * become subject to this article, compensation, according to the schedules * * * shall be paid", etc., and it is argued that the bargaining agreement is just such an agreement as is contemplated in said § 270. This is not a correct interpretation of the quoted part of that statute. It must be borne in mind that the Compensation Act is elective, and to be constitutionally valid must be accepted by both employer and employee. Gentry v. Swann Chem. Co., 234 Ala. 313, 174 So. 530. The language quoted from § 270 is merely the statement of a condition precedent to the substitution of the remedy provided by the Compensation Act for other existing remedies, such as the Employer's Liability Act or the common law, such condition being that both employer and employee have, as provided by the Act, become subject to it. Section 263 of the chapter expressly excludes employers of less than eight persons unless they affirmatively elect to accept in the manner prescribed by said section. Section 273 creates a presumption that *all contracts of employment* made after a stated date are made subject to the *Act* unless otherwise expressly stated in the contract or unless notice be given by either party to the other that he does not accept the provisions of the Act. The words "all contracts of employment" are necessarily modified by the exclusionary provision in § 263, and provisions in both §§ 263 and 273 for withdrawal of acceptance by either party. Section 270, by the words "agreement, ex-

pressed or implied", simply means an acceptance or election by affirmative action or one implied by law from failure to express nonacceptance as provided by the Act. Certainly it cannot be said that a mere provision in a bargaining agreement is comprehended by § 270 as an expressed or implied agreement on the part of the employer and employee to become subject to the Compensation Act. The proviso is not such an agreement, and a bargaining agreement is not a contract of employment. Ware v. Woodward Iron Co., post, p. 462, 124 So.2d 84.

Appellee places much reliance upon the Kentucky case of Dick v. International Harvester Co., 310 S.W.2d 514. But that case is in no wise applicable to the case at bar. The Kentucky Workmen's Compensation Law differs from the Alabama Act in some material respects. There both employer and employee were covered by the Compensation Law, and the question was whether the parties had made "special acceptance of silicosis coverage", as required by the law of that state. Effect was given to this provision of a bargaining agreement: "The company will comply with the Workmen's Compensation and Occupational Disease Laws of the State of Kentucky". In the case at bar the employer had done nothing to bring his operation within the Compensation Act, as comprehended by the statutes above referred to. The Dick case is, therefore, not persuasive in this case.

Recurring to the proviso in the bargaining agreement, it seems to us that its purpose was to require an employer who had come under the Compensation Act to elect to be bound by those provisions of the Act relating to occupational diseases. Originally, compensation laws did not include occupational disease within their coverage, and in only comparatively recent times has this coverage been added by amendment to existing laws. In Alabama this was accomplished by an Act of the Legislature of 1951, which appears in the pocket part of the Code of 1940, as Article 2A of Title 26, §§ 313(1)–313(16). It was apparently the uniform practice to provide for an election as to this added coverage, even by those who were governed by the laws as originally enacted. For example our amendatory act, after declaring that "Where the employer and employee are subject to the provisions of chapter 5, Title 26, Code of Alabama · 1940, as amended, the contraction of the disease of occupational pneumonoconiosis * * * shall be treated as an injury by accident", etc., then creates the presumption that contracts of employment have been made with reference to Article 2A, unless notice of nonacceptance be given by one party to the other. Very clearly, an employer could be covered by the original compensation act but not by the amendatory act. That was the situation dealt with in Dick v. International Harvester Co., supra, and one that could exist in many if not all of the states having compensation laws. The bargaining agreement here involved does not confine itself to Alabama laws but to like laws in any of the states. Thus we think that the purpose of the provision in the bargaining agreement was to bind an employer covered by Workmen's Compensation Law generally to afford coverage of occupational disease as well.

Since the employer in this case was expressly excluded from the operation of the original act (§ 263, Title 26) and since the amendatory act was made to apply only to those subject to that act, there was no Workmen's Compensation or occupational disease law applicable to him. We are unable to accord to the agreement the interpretation insisted upon by the appellant.

It results as our conclusion that the judgment of the trial court should be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.