ALMON, Justice.
This is an appeal by the Vinings, who were sellers of approximately 29.5 acres of land, from a judgment rendered against them in the amount of $15,427.94 in favor of Mississippi Valley Title Insurance Co., Incorporated.
The pertinent facts are that in April of 1975, the Vinings obtained a deed to the property from Thomas Hendrix and wife. After acquiring this deed the Vinings obtained on July 2, 1975, at the cost of $124.00, an “Interim Title Insurance Binder” from Mississippi Valley, which insured that fee simple title to the property was vested in the Vinings. The binder agreed to issue a title policy “to any purchaser of present owners”, upon compliance with certain conditions arid subject to certain reservations not here pertinent.
On July 17, 1975, Mississippi Valley issued a second binder to John Leslie Chase and Claudia Chase as well as to Peoples Bank of Centreville, again showing the Vinings as owners of a fee simple title¡ On August 1, 1975, the Vinings conveyed title to the property by warranty deed to Mr. and Mrs. Chase and a final policy of title insurance was issued by Mississippi Valley to the Chases insuring that the Chases now held fee simple title.
It was later discovered that the Hendrix-es never had title to the property and, consequently, neither did the Vinings or the Chases. Subsequently, suit was filed. Several parties, claims, cross-claims, counterclaims and third-party claims were involved in this suit. The only portion of the judgment which is before this Court is the award in favor of Mississippi Valley on its cross-claim against the Vinings wherein Mississippi Valley claimed damages as sub-rogee of the rights of the Chases.
The Vinings defended the cross-claim of Mississippi Valley on several theories. We are only concerned with the theory of estop-pel, because we are of the opinion that the *2 trial court erred when it failed to hold that Mississippi Valley is estopped to assert its subrogation claim, which is inconsistent with its previous contractual assertion.
In Ellison v. Butler, 271 Ala. 399, 124 So.2d 88 (1960), this Court stated the circumstances under which estoppel arises:
... equitable estoppel or estoppel in pais is defined as the principle of law “by which a party who knows or should know the truth is absolutely precluded, both in law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed.”
271 Ala. 401, 124 So.2d 88.
This same rule appears again in Moordian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915 (1961). While Ellison, supra, and Moordian both held the facts in those cases were insufficient to support an estoppel theory, we find that the facts and circumstances in this case clearly support such a theory.
The only logical conclusion to be drawn from the Vinings’ purchase of the initial title binder is that they wanted the assurance of a title expert that they had marketable title. The Court notes that Mississippi Valley, like any other title insurance company, holds itself out as an expert in the examination of real estate titles. In reliance on this expertise the Vinings retained Mississippi Valley to insure their title. Mississippi Valley certified to the Vinings that they had good title by the binder of July 2, 1975, which bore number J-20378.
While admittedly the subsequent binder and final policy were issued to persons other than the Vinings, it is apparent that they were so issued pursuant to the original binder. In fact the second binder which was issued to the Chases and to Peoples Bank of Centreville, as well as the final policy issued to the Chases, bears the same identifying number as the original binder, i.e., J-20378. The contractual relationship, therefore, originated with the July 2, 1975, binder and the subsequent documents were all part of the same undertaking.
We therefore conclude that Mississippi Valley, having at the request of the Vinings issued title binders and a final policy in which it took the position that the Vinings had a good and merchantable title, can not now take advantage of a claim that the Vinings did not in fact have such title. We also conclude that since Mississippi Valley was paid a valid consideration for its assurance of title, the Vinings are entitled to recover from Mississippi Valley any sum which they are required to pay on the judgment against them in favor of the Chases. It follows that the Vinings are not entitled to recover on their third party claim against the Hendrixes since Mississippi Valley is estopped to assert a claim against them.
The trial court’s decree is hereby reversed and this cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.