Vernie Culver and Sherri Senn sued Earline Lang and Peggy Parker. Lang and Parker filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss based on two affirmative defenses. The trial court granted the motion. Culver and Senn appeal; we reverse and remand.
Before April 24, 1987, Culver, Senn, Lang, and Parker entered into an oral agreement to purchase approximately 57 acres of real property ("the property") from Bobby J. Ellsworth, Bobbie B. Ellsworth, and Eloise D. Johnston. However, Johnston and the Ellsworths refused to sell the property to all four of them. Instead, Johnston and the Ellsworths agreed to sell the property to Lang and her husband, entering into an installment sales contract with Lang and her husband on April 24, 1987, which provided for a $3,000 down payment and 72 monthly payments in the amount of $527.86. Johnston and the Ellsworths conveyed the property to Lang and her husband by two warranty deeds delivered on the same day.
Culver, Senn, Lang, and Parker agreed to a division of the property based on each one's ability to pay a proportionate share of the amount called for in the installment sales contract and agreed that each would receive specific parcels of the property.[1] Pursuant to this agreement, Lang and Parker conveyed certain portions of the *Page 477 
property to Culver and Senn.[2] Lang and Parker have refused, however, to convey other portions of the property to Culver and Senn.
The installment sales contract has been paid in full. Culver and Senn paid approximately 60% of the down payment and monthly payments under that contract. Lang and Parker paid approximately 40% of the down payment and monthly payments under that contract.
On March 5, 2004, Culver and Senn filed a complaint against Lang and Parker, seeking a declaration of the parties' rights and obligations under their agreement to divide the property, based, apparently, on Lang's and Parker's alleged refusal to transfer certain portions of the property to Culver and Senn as the four had agreed.
On June 2, 2004, Lang and Parker filed a motion to dismiss, asserting that the complaint failed to state a claim upon which relief could be granted because, they alleged, the action was barred by the statute of limitations and by the Statute of Frauds.[3] The trial court granted Lang and Parker's motion on January 27, 2005, without indicating the rationale for its decision. The trial court denied Culver and Senn's postjudgment motion to set aside the dismissal. Culver and Senn appeal.
Our Supreme Court has set forth the standard that we are to apply in reviewing a dismissal pursuant to Rule 12(b)(6), Ala. R. Civ. P.:
 "`On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772
(Ala.Civ.App. 1989). The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986).'"
Marks v. Tenbrunsel, 910 So.2d 1255, 1258 (Ala. 2005) (quotingNance v. Matthews, 622 So.2d 297, 299 (Ala. 1993)).
Culver and Senn contend that the trial court erred when it granted the motion to dismiss because, they argue, in doing so, it failed to resolve all doubts *Page 478 
concerning the sufficiency of allegations in their complaint in their favor. We agree. We have reviewed Culver and Senn's complaint and are convinced that, although the complaint is not a model of clarity, when all of the doubts concerning the sufficiency of the allegations in the complaint are resolved in their favor, Culver and Senn appear to have stated a claim relating to an alleged breach of an agreement to convey portions of the property to them. They seek a declaration as to the rights, duties, and responsibilities of the parties under that agreement. See Ala. Code 1975, § 6-6-223.
As previously noted, Lang and Parker asserted in their motion to dismiss that Culver and Senn's claim was barred by the affirmative defenses of the statute of limitations and the Statute of Frauds. A party can obtain a dismissal under Rule 12(b)(6), Ala. R. Civ. P., on the basis of an affirmative defense only when "`the affirmative defense appears clearly on the face of the pleading.'" Jones v. Alfa Mut. Ins. Co., 875 So.2d 1189,1193 (Ala. 2003) (quoting Braggs v. Jim Skinner Ford, Inc.,396 So.2d 1055, 1058 (Ala. 1981)); Williams v. Nash, 428 So.2d 96,99-100 (Ala.Civ.App. 1983).
The complaint does not disclose whether the agreement between the parties to divide the property proportionately was oral or in writing and it does not disclose the date on which Parker and Lang allegedly failed to abide by the agreement to divide the property. As a result, the statute of limitations and the Statute of Frauds do not clearly appear on the face of Culver and Senn's complaint as defenses to their action. Thus, the trial court was precluded from dismissing Culver and Senn's complaint on either of those bases and, to the extent that it did so, it erred.[4]
Based on the foregoing, we reverse the trial court's judgment and remand this case for further proceedings.[5]
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] The complaint does not allege that this agreement related to the original oral agreement into which the parties entered for the purchase of the property with which Johnston and the Ellsworths refused to comply.
[2] It is unclear from the record how Parker obtained her interest from Lang and Lang's husband.
[3] In contending that the complaint was due to be dismissed based on the Statute of Frauds, Lang and Parker relied on Ala. Code 1975, § 8-9-2, which reads in pertinent part:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 ". . . .
 (5) Every contract for the sale of lands, tenements or hereditaments. . . ."
[4] We do not determine here, of course, whether Culver and Senn should ultimately prevail on their claim. We conclude only that, under the lenient pleading standards embodied in our Rules of Civil Procedure, Culver and Senn's complaint is not subject to dismissal for failure to state a claim.
[5] Thus, we do not reach the additional grounds for reversal that Culver and Senn have advanced on appeal.