[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 38 
Roosevelt J. Lewis, Jr., and Carolyn D. Lewis sued First Tuskegee Bank ("First Tuskegee"), alleging fraud, deceit, negligence, and breach of fiduciary duty. The Lewises claimed that First Tuskegee had caused them monetary damages and the loss of their right of redemption on real property they had previously owned. First Tuskegee answered and moved to dismiss the Lewises' complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., asserting that the complaint failed to state a claim upon which relief could be granted.
The trial court, after a hearing on the motion, dismissed the complaint. The Lewises appeal, alleging that the trial court erred in determining that the complaint failed to state a claim upon which relief could be granted.
In January 1986, the Lewises, according to their complaint, owned an apartment complex known as Pleasant Valley Apartments in Mobile and Mid South Mortgage held a mortgage on the property. Mid South subsequently assigned the mortgage to Federal Homeowner Mortgage Corporation ("Freddie Mac"). *Page 39 
In August 2001, the Lewises executed a second mortgage on the properly to First Tuskegee in the amount of $44,777.40. Based on an appraisal conducted in 2001, the Lewises believed their apartment complex was worth approximately $870,375.
In 2003, the Lewises began discussing with Freddie Mac the possibility of allowing Freddie Mac to foreclose on the Lewises' property. The complaint alleges that an employee of First Tuskegee represented to the Lewises that the expected proceeds from any foreclosure sale would be sufficient to satisfy both the first and second mortgages, held by Freddie Mac and First Tuskegee, respectively.
A foreclosure sale was held in February 2004 at the Mobile County Courthouse, and a third party purchaser, K-Quad, L.L.C., bought the property for $246,033.66. Two months later, in April 2004, First Tuskegee assigned its mortgage on the property to K-Quad. The Lewises allege that no one from either First Tuskegee or K-Quad notified them of the assignment and that they were current on the second mortgage held by First Tuskegee at the time of the assignment.
On May 6, 2004, First Tuskegee recorded a document entitled "Satisfaction of Mortgage," and on July 21, 2004, the Lewises received correspondence from First Tuskegee stating that the second mortgage had been paid in full; included with that correspondence was the original note and mortgage, which were stamped "paid" dated April 28, 2004. The Lewises claim that they had several conversations with agents of First Tuskegee during this period but that at no point did any representative of First Tuskegee notify them that the second mortgage had been assigned. Based on the representations of First Tuskegee's agents and the documents they received from First Tuskegee, the Lewises believed that the second mortgage had been satisfied in full from the proceeds of the foreclosure sale on the property.
In April 2005, after the one year right of redemption had lapsed for the property, the Lewises were served with a complaint from K-Quad seeking the principal balance of the second mortgage. K-Quad and the Lewises subsequently entered into a consent judgment awarding K-Quad $51,682.00 for the principal balance remaining on the mortgage plus interest and attorneys fees.
In support of its motion to dismiss, First Tuskegee argued that the consent judgment entered into by the Lewises is uncontroverted proof of the debt at issue; i.e., that the Lewises previously agreed to a judgment stating that the Lewises owed the sum owed under the mortgage in question.[1] *Page 40 
 Standard of Review
When a complaint is dismissed pursuant to Rule 12(b)(6), the following standards apply:
 "`"On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him or her] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he or she] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."'"
Culver v. Lang, 935 So.2d 475, 477 (Ala.Civ.App. 2006) (quoting Marks v. Tenbrunsel, 910 So.2d 1255, 1258
(Ala. 2005), quoting in turn Nance v. Matthews,622 So.2d 297, 299 (Ala. 1993)) (internal citations omitted). "`"Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed."'" Boswell v. Liberty Nat'l Life Ins. Co.,643 So.2d 580, 581 (Ala. 1994) (quoting Grant v. Butler,590 So.2d 254, 255 (Ala. 1991), quoting in turn Greene CountyBd. of Educ. v. Bailey, 586 So.2d 893 (Ala. 1991)).
 I.
First Tuskegee argues that, because the Lewises entered into a consent judgment regarding the same subject matter as the complaint filed against First Tuskegee — i.e., the second mortgage on the property in question — the Lewises' complaint alleging that First Tuskegee is responsible for the debt arising from the second mortgage is a position inconsistent with a position taken in a prior judicial proceeding. Judicial estoppel is the legal doctrine that precludes a party from asserting a position inconsistent with one taken in a prior proceeding. Singley v. Bentley, 782 So.2d 799, 802
(Ala.Civ.App. 2000). Judicial estoppel "looks to the relationship between the litigant and the judicial system" and is "applied to uphold the integrity of the judicial system." Id.
In 2003, our Supreme Court followed the United States Supreme Court's decision in New Hampshire v. Maine,532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), regarding the applicability of the doctrine of judicial estoppel. See Exparte First Alabama Bank, 883 So.2d 1236, 1246
(Ala. 2003) (overruling Porter v. Jolly, 564 So.2d 434
(Ala. 1990), and cases consistent with Porter regarding the requirements to show judicial estoppel). In Ex parteFirst Alabama Bank, the Alabama Supreme Court held that for judicial estoppel to apply:
 "(1) `a party's later position must be "clearly inconsistent" with its earlier position'; (2) the party must have been successful in the prior proceeding so *Page 41 
that `judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled"'; and (3) the party seeking to assert an inconsistent position must `derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'"
Id. at 1244 (citations omitted). For the following reasons, this court finds that the requirements for judicial estoppel have not been met in this case.
First, the Lewises' current position is not clearly inconsistent with their prior position, even though a consent judgment was entered into by the Lewises in the prior case. First Tuskegee argues that the Lewises admitted in the first case that they owed the debt on the second mortgage and that they now claim they do not, in fact, owe the debt in question. Rather, it is evident from the complaint that the Lewises are alleging that First Tuskegee is responsible to them, for damages arising out of the debt they owed to K-Quad, the owner of the second mortgage, as a result of First Tuskegee's fraud, deceit, negligence, and breach of fiduciary duty. This position is not clearly inconsistent with the position taken by the Lewises in K-Quad's action against them. There is no logical inconsistency where "A" agrees that it owes a debt to "B" but claims that "C" is responsible to "A" for the debt that "A" owes to "B."See, e.g., Rule 14, Ala. R. Civ. P., Committee Comments (on 1973 Adoption) ("[T]hird-party practice, or, as it is usually called, `Impleader,' is the procedure by which a defendant in an action may bring in a new party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him.").
Second, the Lewises were not successful in defending their position against K-Quad, the current owner of the second mortgage, in the earlier action. Instead, they consented to pay K-Quad the amount owed on the second mortgage, plus interest and attorney's fees.
Furthermore, regardless of whether the Lewises' were "successful" in the previous proceeding, the difference between the Lewises' position in the previous proceeding and their position in the current proceeding does not create the perception that either the previous court or the trial court in this case was misled. There is nothing contained in the consent judgment or in the record indicating that the Lewises believed they were ultimately responsible for the debt in question; the consent judgment indicates only that they consented to paying K-Quad the debt owed under the instrument. Therefore it is not a "misleading" position for the Lewises to now claim that they are not ultimately responsible for the debt in question and that First Tuskegee owes them damages. The Lewises allege that if First Tuskegee had properly informed them of the situation regarding the second mortgage, they would have exercised their right of redemption.
Third, this court finds no evidence of an unfair advantage gained by the Lewises in light of their current allegations versus their previous consent to pay the second mortgage holder, K-Quad. Neither can this court find an unfair detriment imposed upon First Tuskegee by the allegations in the Lewises' complaint. First Tuskegee assigned the second mortgage to K-Quad, was paid for the debt owed under the instrument, and was done with the matter. The Lewises allegations against First Tuskegee are either true or untrue. A finder of fact should make those determinations.
 II.
Having determined that the requirements for judicial estoppel have not been *Page 42 
met in this case, this court also holds that the Lewises have made allegations in their complaint, which, if proven to be true, state a valid claim upon which relief could be granted.
The first allegation in the Lewises' complaint is that First Tuskegee committed fraud against the Lewises. The elements of fraud are "`(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation.'" Waddell Reed, Inc. v. UnitedInvestors Life Ins. Co., 875 So.2d 1143, 1160
(Ala. 2003) (quoting Padgett v. Hughes, 535 So.2d 140,142 (Ala. 1988)). The Lewises allege that First Tuskegee falsely represented to them that the second mortgage was paid in full and that an agent of First Tuskegee had represented to them that the foreclosure sale would bring enough proceeds to satisfy both the first and second mortgages. Even if these representations were mistakes, as First Tuskegee contends, a fraud action for misrepresentation can still exist even when the representation was a mistake. See Mid-State Homes, Inc. v. Startley,366 So.2d 734, 735 (Ala.Civ.App. 1979) (holding that even though a misrepresentation was made by mistake and without any intent to deceive, it may constitute legal fraud if it is regarding a material fact and is acted upon with belief in its truth by one to whom it is made; § 6-5-101, Ala. Code 1975).
The Lewises further allege that the status of the second mortgage was a material fact; they claim that they relied on the representations of First Tuskegee that they had no existing obligation on the second mortgage. Finally, the complaint alleges that because of misrepresentation or suppression, the Lewises incurred monetary damages, as well as emotional distress, mental anguish, and a damaged credit rating.
Because the Lewises have alleged all the elements of a valid fraud claim, this court holds that the complaint alleges facts that, if proven to be true, are sufficient to warrant relief. Again, this court does not consider whether the Lewises will ultimately prevail, or whether they will be factually or legally entitled to recover all of the damages sought, but only whether they may "possibly prevail." See Culver v. Lang,935 So.2d at 477; Boswell v. Liberty Nat'l Life Ins. Co.,643 So.2d at 581.
The trial court erred in granting First Tuskegee's motion to dismiss for failure to state a claim upon which relief could be granted. The judgment of the Montgomery County Circuit Court is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN and BRYAN, JJ., concur in the result, without writing.
[1] According to Rule 12(b), Ala. R. Civ. P., if matters outside the pleadings are presented to and considered by the trial court a motion to dismiss on Rule 12(b)(6) grounds is converted into a summary-judgment motion and dealt with in accordance with Rule 56 Ala. R. Civ. P.
 "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."
Rule 12(b), Ala. R. Civ. P. However, as this court held inBanks, Finley, White Co. v. Wright, 864 So.2d 324
(Ala.Civ.App. 2001), "[d]ocuments attached to a motion to dismiss are considered a part of the pleadings if those documents were specifically referred to in the plaintiff's complaint and are central to the claim being brought." Id. at 327 (citing Wilson v. First Union Nat'l Bank of Georgia,716 So.2d 722, 727 (Ala.Civ.App. 1998)).
In this case, the Lewises referred to the consent judgment in paragraph 10 of their complaint and First Tuskegee attached a copy of the consent judgment to its answer, thus making the consent judgment a "part of the pleadings." The consent judgment is also "central to the claim being brought." The Lewises alleged that they were injured by First Tuskegee's failure to disclose that the second mortgage was not satisfied from the proceeds of the foreclosure sale and that First Tuskegee had assigned the second mortgage to K-Quad. The consent judgment with K-Quad reflects the damages that the Lewises alleged they suffered as a consequence of First Tuskegee's misconduct. In addition, First Tuskegee's primary defense was based on the consent judgment. Therefore, the motion to dismiss remains a Rule 12(b)(6) motion and is not properly considered a motion for a summary judgment pursuant to Rule 56.