MOORE, Judge.
Carolyn Williams appeals from a summary judgment entered by the Limestone Circuit Court in favor of Valley View Health and Rehabilitation, LLC (“Valley View”), on Williams’s workers’ compensation claim. We reverse.
While working as a licensed practical nurse for Valley View, Williams suffered an asthma attack in the early morning hours of September 21, 2005. Williams contended at the time that she had suffered a reaction to certain chemicals used by Valley View to strip and wax its floors that morning. Williams filed a complaint against Valley View on June 7, 2007. In that complaint, Williams alleged that she was entitled to workers’ compensation benefits on account of “injuries” arising out of and in the course of her employment at Valley View. Williams further asserted that those injuries had resulted from an “incident” occurring on September 20, 2005, of which Valley View “had prompt and immediate notice.”
Valley View subsequently filed a motion for a summary judgment in which it contended that Williams could not recover any workers’ compensation benefits because she could not produce substantial evidence indicating that she had contracted an occupational disease. Williams responded that her asthmatic attack could be considered an occupational disease for a variety of reasons. On September 8, 2008, the trial court entered a judgment granting Valley View’s motion for a summary judgment without entering any findings of fact or conclusions of law. On October 6, 2008, Williams filed a “motion to reconsider” the *640 judgment, arguing that she had never filed a claim asserting that she had contracted an occupational disease and that the trial court should consider the merits of her claim that she had sustained an accidental injury. That motion was denied by operation of law on January 5, 2009, see Rule 59.1, Ala. R. Civ. P., and Williams appealed. This court reversed the judgment because it did not include findings of fact and conclusions of law as required by Ala.Code 1975, § 25-5-88. See Williams v. Valley View Health & Rehabilitation, LLC, 36 So.3d 561, 562 (Ala.Civ.App.2009). On remand, the trial court entered a summary judgment that complied with § 25-5-88, and Williams again filed a postjudgment motion restating her argument that her injury was the result of an accident for which she was entitled to compensation. The trial court again denied her post-judgment motion, prompting the instant appeal.
On appeal, Williams argues, among other issues, that the trial court erred in entering a summary judgment in favor of Valley View without considering her accidental-injury claim. We agree. In her complaint, Williams clearly asserted a claim for benefits pursuant to Article 3 of the Alabama Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq., specifically, Ala.Code 1975, §§ 25-5-50 through 25-5-93, which Code sections apply to personal injuries that result from an accident arising out of and in the course of a worker’s employment. See Ala.Code 1975, § 25-5-51. The law has long treated asthmatic episodes and similar adverse reactions to a one-time work-related chemical exposure as accidental injuries. See Kane v. South Central Bell Tel. Co., 368 So.2d 3 (Ala.1979); New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360 (1926); and B.F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (Civ.App.1971). Williams alleged in her complaint that she had sustained “injuries” due to a specific incident occurring on a specific date, which would bring her claim within Article 3 of the Act. As a condition precedent to recovery of workers’ compensation benefits under Article 3, a worker who sustains such an accidental injury must provide the employer with proper notice of the circumstances of the injury, see Ala.Code 1975, § 25-5-78, which Williams alleged she had done.
Williams did not allege any claim under Article 4 of the Act, which applies to contractions of occupational disease. See Ala.Code 1975, §§ 25-5-110 though 25-5-123. Article 4 applies only when a worker alleges that he or she acquired a disease “caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of exposure, over a period of time, to the normal working conditions of the trade, process, occupation, or employment.” Ala.Code 1975, § 25-5-110(1). Williams did not assert that she had contracted asthma due to long-term exposure to the ordinary working conditions in her employment at Valley View. Moreover, the notice requirement does not apply to an occupational-disease claim. Thomas v. Gold Kist, Inc., 628 So.2d 864 (Ala.Civ.App.1993); and Edmonds Indus. Coatings, Inc. v. Lolley, 893 So.2d 1197 (Ala.Civ.App.2004). By averring that she had notified Valley View of her injuries, Williams indicated that she was not seeking benefits under Article 4.
The party moving for a summary judgment bears the burden of “‘submitting affirmative evidence that negates an essential element in the nonmovant’s claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant’s evidence is insufficient to establish an essential element of the nonmovant’s claim.’ ” Ex parte Gen *641 eral Motors Corp., 769 So.2d 903, 909 (Ala.1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)) (some emphasis original; some emphasis added). In order to obtain a summary judgment as to the complaint filed by Williams, Valley View bore the burden of either presenting evidence negating an essential element of Williams’s claim for benefits based on an accidental injury or proving that Williams could not present sufficient evidence to establish that claim. Valley View did not attempt to make a prima facie showing of its right to a judgment on Williams’s accidental-injury claim. Instead, in its motion for a summary judgment, Valley View argued solely that Williams could not recover benefits under Article 4 of the Act, a claim Williams had not even made in her complaint. As a result, the burden never shifted to Williams to present substantial evidence of the compensability of her asthmatic condition as an accidental injury. See Ex parte Alabama Dep’t of Transp., 764 So.2d 1263, 1266 (Ala.2000) (“The mov-ant must make a prima facie showing that there are no genuine issues of material fact and that he [or she] is entitled to a judgment as a matter of law.... If the movant makes this showing, the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by presenting ‘substantial evidence’ creating a genuine issue of material fact.”).
In her response to the summary-judgment motion, Williams argued solely that her claim could be compensable under Article 4. In her timely postjudgment motions, Williams pointed out that, even if the trial court had properly granted Valley View a summary judgment as to an unstated occupational-disease claim, she still maintained her accidental-injury claim. Arguably, that contention raised a new legal issue for the trial court’s consideration. “ ‘ “[A] trial court has the discretion to consider a new legal argument in a post-judgment motion, but is not required to do so.” ’ ” Espinoza v. Rudolph, 46 So.3d 403, 416 (Ala.2010) (quoting Special Assets, L.L.C. v. Chase Home Fin., L.L.C., 991 So.2d 668, 678 (Ala.2007), quoting in turn Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1369 (Ala.1988)). When a trial court declines to consider a new legal argument advanced in a postjudgment motion, its decision to decline to consider that argument will be reversed only if the trial court exceeded its discretion. Green Tree, 525 So.2d at 1370.
Under the peculiar facts of this case, we believe that the trial court exceeded its discretion when it refused to consider the accidental-injury claim asserted in Williams’s complaint. That claim had been properly asserted by Williams as the sole basis for her recovering workers’ compensation benefits against Valley View. Although the parties later disputed the com-pensability of the asthmatic attack as an occupational disease, Williams never abandoned her accidental-injury claim and Valley View never proved its right to a judgment on that claim. Therefore, at best, Valley View obtained only a partial summary judgment, leaving for adjudication the accidental-injury claim. Williams would be severely prejudiced if her accidental-injury claim is foreclosed without any consideration of its merits. On the other hand, Valley View would suffer no prejudice if the claim is properly adjudicated because it was properly and timely notified of the claim. To avoid any injustice, the judgment of the trial court is reversed, and the cause is remanded for further proceedings relating to the accidental-injury claim.
REVERSED AND REMANDED.
*642 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., dissents, with writing.