PITTMAN, Judge.
Clarence Matthew Thornbury ("the claimant") appeals from a summary judgment entered by the Madison Circuit Court in November 2017 in favor of the Madison County Commission ("the Commission") on the claimant's workers' compensation claim against the Commission, which judgment had concluded that, as a matter of law, the Commission had not been the claimant's employer. We affirm.
In August 2016, the claimant sued the Commission, the City of Huntsville, and various fictitiously named parties, asserting that he had been diagnosed in April 2016 as having contracted one or more occupational diseases stemming from his destruction of methamphetamine-manufacturing equipment in the course of his work as a law-enforcement officer between 2001 and 2015. The Commission answered the complaint, denying that the claimant was entitled to relief because, among other things, the claimant was, in the Commission's view, a state employee and not a county employee and because the claimant had failed to file claims with the county pursuant to statute before commencing his civil action. In addition, the City of Huntsville moved to dismiss the claim against it, attaching various documents outside the pleadings pertaining to the operation of "The Madison-Morgan County Strategic Counterdrug Team" (or "STAC"); the claimant did not oppose that motion or object to any portion thereof, and the circuit court granted the City of Huntsville's motion to dismiss in September 2016.
The claimant later amended his complaint to assert a claim against a third defendant, identified as "the Office of Madison County District Attorney." The State Attorney General filed a motion on behalf of that defendant seeking dismissal on several asserted grounds, including (a) that the district attorney's "office" was not a legal entity susceptible to suit under Section 14 of the Alabama Constitution of 1901, and (b) that the exclusive remedy available to the claimant was to assert a claim under statutes governing the State Employee Injury Compensation Trust Fund ("SEICTF") pursuant to Ala. Code 1975, § 36-29A-1 et seq. (which, the attorney general asserted, had not been timely asserted within 90 days of the employee's medical diagnosis in April 2016). Similar to the City of Huntsville, the attorney general, in seeking the dismissal of "the Office of the Madison County District Attorney" as a party, attached a number of documents pertaining to the operation of STAC. Before that motion was adjudicated, however, all of the parties jointly stipulated in July 2017 to the dismissal of the "Madison County District Attorney's Office" as a party, again leaving the Commission as the sole defendant in the case.
In August 2017, the claimant moved for the entry of a partial summary judgment determining that the Commission was the claimant's employer and asserting that the Commission was estopped to deny that it, rather than the Madison County District Attorney, had employed him. In October 2017, the Commission -- citing, among other cases, Hooks v. Hitt, 539 So.2d 157, 159 (Ala. 1988) ("[b]y virtue of the fact that *296 a district attorney is a state employee, ... those in his employ are also state employees") -- the Commission filed a motion seeking a summary judgment on the basis that the Commission was not the claimant's employer, to which motion the claimant filed a response in opposition. The circuit court, after a hearing, entered a summary judgment in the Commission's favor in November 2017 on the basis that the Commission was not the claimant's employer, thereby implicitly rejecting the claimant's claims of estoppel.
The claimant timely appealed from the summary judgment. Although the claimant does not challenge the binding authority of Hooks regarding his status as a state employee rather than a county employee, he nonetheless contends that the doctrines of equitable and judicial estoppel, both of which he had asserted in the circuit court, compelled a conclusion that the Commission was, in fact, the claimant's employer notwithstanding general principles of law governing employees of district attorneys. Our review of a summary judgment is subject to the following principles:
"A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required."
Sizemore v. Owner-Operator Indep. Drivers Ass'n, Inc., 671 So.2d 674, 675 (Ala. Civ. App. 1995) (citations omitted).
Equitable estoppel, the doctrine invoked in the claimant's first argument on appeal, has been defined by our supreme court as
"the principle of law 'by which a party who knows or should know the truth is absolutely precluded, both in law and in equity, from denying, or asserting the contrary of, any material fact which, by [the party's] words or conduct, affirmative or negative, intentionally or through culpable negligence, [the party] has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing [the other's] position in such a way that [the other] would suffer injury if such denial or contrary assertion were allowed.' "
Ellison v. Butler, 271 Ala. 399, 401-02, 124 So.2d 88, 90 (1960) (quoting 19 Am. Jur. Estoppel § 34 (1939) ).
Assuming, without deciding, that a genuine issue of fact as to the culpability, under estoppel principles, of the Commission regarding the Commission's conduct with respect to the claimant's employment status (i.e., its issuance of wage checks, its provision of counsel for the claimant in third-party suits naming him as a defendant, its settlement of previous workers' compensation claims brought by the claimant, etc.) existed, there is no evidence of record tending to support the proposition that the claimant, at the time that the circuit court entered its summary judgment in November 2017 rejecting the equitable-estoppel doctrine, had relied to his material harm upon that conduct. The sole alleged harm asserted by the claimant in the circuit court is that he did not timely provide notice of his condition under statutes *297 and regulations governing the SEICTF and, therefore, had purportedly forfeited, as a matter of law, any rights to seek compensation from the SEICTF. That contention appears to have been derived from the attorney general's motion to dismiss, which had asserted that the claimant had been required to provide written notice of his condition to a supervisor within 90 days of his diagnosis. However, a close examination of the regulations promulgated by the State Director of Finance regarding SEICTF claims reveals that the premise underlying the claimant's assertion of detrimental reliance is faulty.
Pursuant to Ala. Code 1975, § 36-29A-1, the director of finance is authorized to set "terms and conditions" of the SEICTF, i.e., the "program to provide compensation for employees of the state and its agencies" suffering work-related injuries. Those regulations appear in the Alabama Administrative Code at Chapter 355-8-1. Among the terms defined by the regulations is "injury," which expressly includes both accidental injuries and "occupational disease[s]." Ala. Admin. Code (Dep't of Finance), r. 355-8-1-.02(a)(15). The term "occupational disease," in turn, is defined as "[a] disease arising out of and in the course of employment ... which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee[1 ] is engaged." Ala. Admin. Code (Dep't of Finance), r. 355-8-1-.05(a)(1). The regulations adopted by the director of finance expressly state that "an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer notice of the accident" and that "no benefits [under the SEICTF] shall be payable unless written notice is given within 90 days after the occurrence of the accident," Ala. Admin. Code (Dep't of Finance), r. 355-8-1-.04(q) (emphasis added); however, there is no corresponding reporting requirement stated in the regulations for occupational diseases, which instead provide that the "date of injury" as to an occupational disease is deemed to be "the first date of diagnosis," Ala. Admin. Code (Dep't of Finance), r. 355-8-1-.05(a)(6), and that a claim for compensation under the occupational-disease provisions of the regulations shall be brought within 2 years of the injury. See also Ala. Admin. Code (Dep't of Finance), rr. 355-8-1-.05(e) and 355-8-1-.04(r). That regulatory treatment of occupational diseases by the director of finance substantially mirrors that of the Alabama Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., under which failure to provide notice of an employee's contraction of an occupational disease is not a bar to a claim for benefits. See Williams v. Valley View Health & Rehab., LLC, 64 So.3d 638, 640 (Ala. Civ. App. 2010).
*298 In Ellison, supra, our supreme court concluded that a judgment denying workers' compensation benefits to an alleged employee was due to be affirmed because, among other things, there was no evidence indicating that the alleged employee had "changed his position to his detriment" in reliance upon a collective-bargaining-agreement provision entered into between the alleged employer and the alleged employee's union indicating the applicability of state workers' compensation laws. 271 Ala. at 402, 124 So.2d at 90. Similarly, we cannot agree with the claimant in this case that equitable estoppel applied to bar the Commission from raising his employment by the state rather than by the county as an absolute defense to his workers' compensation claim because, at the time the summary judgment was entered, the claimant had not relied upon any conduct of the Commission to his detriment: his right to seek benefits from the SEICTF remained viable as of the date of that court's decision because two years had not elapsed following his date of diagnosis. See Ala. Admin. Code (Dep't of Finance), rr. 355-8-1-.05(a)(6), 355-8-1-.05(e), and 355-8-1-.04(r).
The claimant next asserts that the Commission is barred by the doctrine of judicial estoppel from denying that he was employed by the Commission. The elements of judicial estoppel are (1) a party's assumption of a clearly inconsistent position in a later proceeding compared to that assumed by that party in a previous proceeding; (2) that party's success in the previous proceeding such that acceptance of the party's position in the later proceeding would give rise to the perception that the first or second tribunal was misled by the party; and (3) the party's derivation of an unfair advantage or imposition of an unfair detriment on that party's opponent in the later proceeding. E.g., Lewis v. First Tuskegee Bank, 964 So.2d 36, 40-41 (Ala. Civ. App. 2007). In Lewis, this court concluded, in reviewing the propriety of lender-liability claims of fraud, deceit, negligence, and breach of fiduciary duty asserted by two parties against a junior mortgagee of real property previously owned by the parties, that those parties had not assumed a clearly inconsistent position by admitting, in a separate action brought against those parties by that mortgagee's assignee, that the parties owed the assignee the remaining balance of the note that the mortgage had secured. We opined in Lewis that "[t]here is no logical inconsistency where 'A' agrees that it owes a debt to 'B' but claims that 'C' is responsible to 'A' for the debt that 'A' owes to 'B.' " 964 So.2d at 41.
In this case, the claimant asserted that the Commission had successfully secured a judgment allowing it to receive a $7,500 subrogation payment in a previous civil action in the Madison Circuit Court that had involved another STAC officer, Madison Cty. v. James Edward McDaniel (Case No. CV-16-901337), based upon representations to that court that the Commission had provided benefits pursuant to workers' compensation laws to that officer and that the Commission was entitled to a portion of a settlement payment received from an alleged third-party tortfeasor. A close review of the "Joint Petition and Agreement for Settlement" filed by the Commission and McDaniel in that action reveals that the parties had represented that McDaniel "was employed by the Madison County Sheriff's Department," not by the Commission or by STAC. Nonetheless, the claimant seizes upon that settlement, asserting that he was a STAC officer in an identical position to McDaniel.
The record in this case at the time that the circuit court ruled on the parties' summary-judgment motions undisputedly indicated *299 that the claimant was not in an identical position to McDaniel during his work with STAC. According to two substantially identical Memoranda of Understanding entered into in 2005 and 2006 by the Madison County District Attorney; the Madison County Sheriff; and the Cities of Madison, Huntsville, and Decatur, those agencies formed STAC as an inter-agency drug-enforcement task force and agreed to assign one or more persons to STAC, including two full-time officers from the Madison County Sheriff's Department and two full-time officers from the Madison County District Attorney's office. Those memoranda further provided that "[e]ach participating party shall be solely liable for any and all workers' compensation benefits for personnel employed by them [who] are injured in the course and scope of their duties while assigned to the STAC." Although a "Certificate of Assurance" executed by the Madison County District Attorney certified that the claimant was assigned by the district attorney as a full-time employee to STAC, the analogous "Certificate of Assurance" assigning McDaniel to STAC came from the Sheriff of Madison County, a different agency. We perceive no clear inconsistency between the Commission's decision to voluntarily assume liability under workers' compensation laws as to deputy sheriffs such as McDaniel[2] and its insistence that the claimant, an investigator hired by the Madison County District Attorney, was not an employee of the Commission so as to warrant the entry of a judgment holding the Commission liable under workers' compensation laws for his claimed occupational disease.
Based upon the foregoing facts and authorities, we conclude that the circuit court correctly rejected the claimant's equitable-estoppel and judicial-estoppel arguments in entering its summary judgment in favor of the Commission. That judgment is affirmed.
AFFIRMED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

We are not long detained by the claimant's contention that he did not qualify as an "employee" eligible to seek SEICTF benefits because his paychecks were issued by the Commission as a matter of administrative convenience rather than by the State Comptroller. Although the director of finance has defined the term "employee or worker" to include full-time state workers who are covered by the State Employees Insurance Board's medical-insurance plan and whose wages are paid through the office of the state comptroller," Ala. Admin. Code (Dep't of Finance), r. 355-8-1-.02(a)(10), we perceive no intent therein to exclude from coverage persons who might not be perfectly aligned with those regulatory provisions but who, like the claimant in this case, are nonetheless "employees of the state and its agencies, departments, boards, or commissions" within the scope of the SEICTF's enabling legislation. Ala. Code 1975, § 36-29A-1 ; cf. Ex parte Jones Mfg. Co., 589 So.2d 208, 210 (Ala. 1991) ("The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation.").

The same rationale applies, a fortiori, to other persons identified by the claimant as to which the Commission may also have voluntarily assumed liability under workers' compensation laws, such as Stanford Bice, Randy Simmons, Steve Cothren, and Corey Walter Betuel -- deputy sheriffs and detention officers who were not shown of record to have performed any work on behalf of STAC.